In the Matter of Virginia Coen **WELLS.**
No. 15526.

United States Court of Appeals District of Columbia Circuit.

Argued May 2, 1960.

Decided May 19, 1960.

---

6. See, generally, the authorities cited in note 2, above.

Mr. Abraham Dobkin, Washington, D. C., for appellant.

Mr. Richard W. Barton, Asst. Corp. Counsel, for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for Commissioners of District of Columbia.

Before PRETTYMAN, Chief Judge, PHILLIPS, Senior United States Circuit Judge for the Tenth Circuit,* and BASTIAN, Circuit Judge.

BASTIAN, Circuit Judge.

This is an appeal from an order of the District Court denying a motion to order search of records in an adoption proceeding. To the motion, appellant attached two affidavits, her own and that of her counsel. The affidavits allege in substance that on August 17, 1954, when she was sixteen years of age, appellant gave birth to a child out of wedlock. She had spent the final seven months of her pregnancy as an involuntary resident of the Florence Crittenton Home; prior thereto, she was an inmate of the Receiving Home, where she had been sent by the Juvenile Court of the District of Columbia. Within forty-five days after the birth of the child, on petition to terminate parental rights filed by a case worker for the Child Welfare Division of the Department of Public Welfare, the Juvenile Court issued an order committing the child to the Department of Public Welfare for the duration of the child's minority.

In her affidavit, appellant alleges that sometime during the period 1954–1955 there was an adoption proceeding in the District Court, in which the District Court entered a final decree of adoption of the child. She denies that she ever consented to the adoption, and expresses the belief that neither affiant's mother nor the putative father had consented.

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

Appellant did nothing further until the latter part of 1959, when the motion to order search of records was filed. Before acting on the motion, the District Court asked the Corporation Counsel's office to reply thereto on behalf of the Commissioners of the District of Columbia. This was done and, in the Corporation Counsel's opposition to the motion, it was admitted that appellant's child "was the subject of an adoption proceeding in the District Court more than three years ago;" and it was claimed among other things, that the motion was a preliminary maneuver to attack the decree of adoption which the court lacked jurisdiction to entertain.

There are several statutory provisions which we think bar appellant from relief.

Title 16–219 D.C.Code (Supp. VIII, 1960) reads:

> *"Finality of decrees of adoption.* No attempt to invalidate a final decree of adoption by reason of any jurisdictional or procedural defect shall be received by any court of the District, unless regularly filed with such court within one year following the time the final decree became effective."

Appellant argues that, in the adoption proceeding, fraud was perpetrated upon the court by the Department of Public Welfare, and that, therefore, the provisions of § 16–219 do not apply. She contends that in 1955 she was not represented by counsel and did not in fact obtain counsel. She urges that the Board of Public Welfare never had lawful custody of the child.

Title 16–221 D.C.Code (Supp. VIII, 1960) provides:

> *"Records and papers.—Sealing and inspection.* Records and papers in adoption proceedings shall, from and after the filing of the petition, be sealed and shall not be inspected by any person, including the parties to the proceeding, except upon order of the court, and only then when the court is satisfied that the welfare of the child will thereby be promoted or protected. * * *"

Appellant makes no showing as to how the welfare of the child would be served by her inspection of the records. The child has now been with its adoptive parents for nearly—or over—five years. It has never known its natural mother. It has, presumably for five years, been in the custody of persons certainly deemed suitable by the court which ordered the adoption after investigation.[1] Appellant does not say that she expects to contest the adoption in court, although, before this court, counsel admitted that to be a "distinct possibility." In her affidavit, appellant states:

> "I have instituted these proceedings in order to learn whether or not the adoption was legal, or whether, in fact, there has actually been an adoption. This problem has troubled me for many years and when I reached my majority during the early part of this year I decided, after much thought and consideration, that now was the time for me to set my mind at ease, if ever, and if possible, concerning the status of my first born. I had never wanted to give up my child, as is shown by the case worker's report to the Juvenile Court, and I have never become conciliated to the adoption, if such there was."

We think § 16–221 precludes the unsealing and inspection of the records and papers in the adoption proceeding; that, on the face of the record, no sufficient showing of fraud has been made; and, more than three years having intervened since the adoption proceedings were instituted and concluded, that § 16–219 D.C.Code (Supp. VIII, 1960) precludes attack thereon.

The judgment of the District Court will be affirmed.

Affirmed.

1. § 16–216 D.C.Code (Supp. VIII, 1960).