Jack Stanislaw, J.
Petitioner Minicozzi is the respondent in a paternity proceeding now pending in the Family Court, Suffolk County. He makes two applications here, to gain access to certain sealed records of the Surrogate’s Court and of the Department of Public Welfare. Paternity has been denied and it is Minicozzi’s belief that these records may contain information vital to his actual defense of the Family Court proceeding. We can discuss both applications in this single memorandum.
Hillman, the petitioner in Family Court, terminated a proceeding in Surrogate’s Court concerning an adoption of her child before it was concluded. That took place after she had instituted a prior paternity proceeding, since dismissed, but then commenced anew. As to the welfare records, Minicozzi alleges that Hillman received public assistance from a time some two days prior to the child’s birth over two years ago and continuing to date.
All of the adoption papers are sealed and, of course, inaccessible, unless access and inspection be granted on good cause shown (Domestic Relations Law, §§ 114, 115). Welfare records are confidential, to be disclosed only as set forth in the statute (Social Welfare Law, § 136).
*596 In effect, Minicozzi moves pursuant to CPLR 3101 (subd. [a], par. [á]) to obtain disclosure of material and necessary evidence for his defense by reason of special circumstances. We can agree that the records sought to be examined could conceivably (“may”) assist his defense. On the other hand, it is not so clear that the statutory limitations of access to records can be ignored on grounds that the inaccessibility is a sort of prima facie special circumstance. To urge that the announced legislative policy nevertheless permits disclosure (CPLR 3101, subd. [a], par. [4]) is to simultaneously demonstrate the futility of that policy. Legislative privacy, or even secrecy, based upon sound considerations of public policy, is ample justification for nonaccess. Any relaxation of the status of these records as beyond public or even semiprivate perusal requires something more than a judicial activity.
The two motions are denied.