332 So.2d 573 (1976)
Ruben SPILLMAN
v.
Wayne P. PARKER, Registrar of the Bureau of Vital Statistics of the City of New Orleans.
No. 7435.
Court of Appeal of Louisiana, Fourth Circuit.
May 18, 1976.
*574 Little, Schwartz & Dussom, William E. Wright, Jr., New Orleans, for plaintiff-appellee.
James P. Screen, New Orleans, for defendant-appellant.
Before SAMUEL, LEMMON and BEER, JJ.
SAMUEL, Judge.
Relator filed a petition for a writ of mandamus directing the Registrar of the Bureau of Vital Statistics of the City of New Orleans to produce relator's original birth certificate and judgment of adoption for the purpose of ascertaining whether or not relator may have inherited property from his biological father and mother. Following trial of the rule to show cause, the registrar was directed to produce the birth certificate and judgment of adoption for relator's inspection. Respondent has appealed suspensively.
The record reflects that relator was adopted by a judgment executed on or about April 1, 1934, and that, through conversations with his adoptive grandmother from the time he was five years old, he had been led to believe his natural parents were people of property. The plaintiff is now forty-one years old. His adoptive father is deceased and his adoptive mother is seventy years of age.
*575 The trial judge opened the sealed envelope and examined the documents. He saw no reason why these documents should not be made available to the adopted child. The envelope was then resealed. The records sought by relator are in the possession of the appellant by virtue of LSA-R.S. 40:201 and 202.[1]
Appellant contends: (1) the legislature intended that all adoption records should be handled in a most confidential manner; (2) the adopted child seeking the record of his biological parents should be compelled to come forward with substantial proof of the necessity for divulging this information; and (3) the information pertaining to adoptions should be released only to the court and not to the adopted child.
We agree with appellant's first contention. As set out in R.S. 46:65 G,[2] as well as R.S. 9:422 through 441 inclusive, and particularly R.S. 9:437,[3] the legislature intended all adoption records should be handled in a most confidential manner.
Relative to defendant's second contention, the right of anyone to see the documents once sealed is provided for in R.S. 40:209 A which provides in pertinent part:
"This sealed package shall be opened only on the order of a competent court either upon its own motion, or upon the *576 demand of the adopted child or the adoptive parent, or the department." LSA-R.S. 40:209 A.
This statute clearly specifies the circumstances under which the order should issue: (1) upon the court's own motion, or upon the demand of (2) the adopted child, (3) the adoptive parent, or (4) the department. By specifying the record shall be produced by court order upon the demand of the adopted child, it appears the adopted child may have the unqualified right to the court order without giving any reason therefor. However, that question is not before us. Here relator has given a valid reason for his demand.
As contended by relator, the denial of a right of inspection would have the effect of violating the right of inheritance the adopted child may have as a forced heir in the successions of his blood parents. In addition to becoming a forced heir of his adopting parents, under the provisions of Civil Code Article 214 an adopted child retains his right to inherit from his legitimate biological parents and other blood relatives. In pertinent part the article provides:
". . . the adopted person and his lawful decedents are relieved of all of their legal duties and divested of all of their legal rights with regard to the blood parent or parents and other blood relatives, except the right of inheritance from them." LSA-C.C. Art. 214. (Emphasis ours).
Relative to appellant's third contention, it would serve no useful purpose to permit the court to view the adoptive records and not disclose the contents to the person who by law is entitled to its production. We are of the opinion the proper interpretation of this provision is simply that the records cannot be divulged to those persons entitled to seek them except by court order. Every adopted child in this state could have an heirship interest in the successions of his biological parents. In the absence of knowledge as to whom these parents might be, the child is effectively prevented from seeking his rightful share in those successions.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] "When any person, who adopted prior to July 27, 1938, any person born in Louisiana, by observing the legal requirements for adoption in Louisiana existing at the time of the adoption, presents the original or a certified copy of the birth certificate of the adopted person and a certified copy of a final judgment decreeing the adoption or the notarial act of adoption, in accordance with the legal requirements existing on the date of the judgment or act of adoption, the division of public health statistics, if the adopted person was born outside the parish of Orleans, or the local registrar for the parish of Orleans, if the adopted person was born there, shall make a record showing:

(1) The date of birth of the person adopted;
(2) The new name of the person adopted, if his name was changed in accordance with law; and
(3) The names and addresses of the adoptive parents." LSA-R.S. 40:201.
"Upon completion of the record provided for in R.S. 40:201, the Division of Public Health Statistics or the local registrar for the parish of Orleans, as the case may be, shall issue to the adoptive parents a certified copy of the record and shall place the original birth certificate and the copy of the judgment or the copy of the act of adoption in a sealed package and shall file the package in its archives. This package shall be opened only by order of a court of record." LSA-R.S. 40:202.
[2] "G. Notwithstanding any other provision of this Section, information pertaining to adoption of children shall be strictly confidential and shall only be released to courts of competent jurisdiction in accordance with existing laws." LSA-R.S. 46:65 G.
[3] "A. All the proceedings provided in this Sub-part shall be heard by the judge in chambers, and no one shall be admitted to the hearings except the parties in interest, their attorneys, and officers of the court. Records of the proceedings shall not be open to inspection except on written authorization by the court, and there shall be no publication thereof. No one except the judge presiding in the case, or his successor, shall have access to the confidential report rendered to the judge by the department. The court may punish for contempt anyone violating the provisions of this Section.

B. The clerks of the respective juvenile courts shall keep separate indices of all suits filed in accordance with this Sub-part, and shall index these suits in the name of the parties filing the petition and in the name of the child to be adopted. These records are subject to the same safeguards as are prescribed for all proceedings. Following final disposition of the case, all confidential reports submitted by the department to the judge may in the judge's discretion be destroyed or returned to the department or be retained in confidential files.
C. All adoption records of agencies shall be retained in confidential files and it shall be unlawful, except for purposes directly connected with the agencies' responsibilities in relation to adoption work, and then subject to the agencies' rules and regulations, to disclose any information concerning any individual adoption case. Any person who violates the foregoing provision shall be fined not more than five hundred dollars or imprisoned for not more than ninety days, or both." LSA-R.S. 9:437.