IN THE MATTER OF THE ADOPTION OF NANCY MARGARET
SPINKS

No. 7619SC728

(Filed 2 March 1977)

1. **Adoption § 5; Notice § 1— adopted child — natural parents' identity
   sought — notice to natural parents not required**

   In a proceeding to require respondent to reveal to petitioner, an
   adopted child, the identity of her natural parents, the applicable
   statute, G.S. 48-25(c), did not require that the natural parents be
   served with summons and notice of petitioner's motion.

2. *Adoption § 5*— adopted child — natural parents' identity sought — find-
   ing required for disclosure

   In North Carolina upon motion to open the files or the record of
   an adoption proceeding, there must be a finding of fact that the in-
   formation sought to be revealed is necessary for the best interest of
   the child or the public before an order can be entered requiring dis-
   closure of the information, and, in making such a determination, the
   trial judge should carefully weigh the interests of the child *and* the
   public, including the interests of the adoptive parents and the natural
   parents; however, any conflict should be resolved in favor of the best
   interest of the child. G.S. 48-26; G.S. 48-1(3).

3. **Adoption § 5— adopted child — natural parents' identity sought —
   best interests of child not determined — disclosure order improper**

   In a proceeding to require respondent to reveal to petitioner, an
   adopted child, the identity of her natural parents, the trial court erred
   in failing to determine the best interests of the child, and the court's
   conclusion that it could consider only "the benefit or lack thereof re-
   sulting from the revelation of this information to the petitioner and/or
   society" failed to support the order of disclosure in this case.

APPEAL by respondent from order of *Tillery, Judge.* Order
entered 21 July 1976 in Superior Court, MONTGOMERY County.
Heard in the Court of Appeals 10 February 1977.

Petitioner, Nancy Margaret Spinks, now 18 years of age,
filed a motion in this cause pursuant to G.S. 48-26 before the
Clerk of Superior Court of Montgomery County requesting that
the identity of her natural parents be revealed to her. Notice of
the motion and hearing was duly served on the Director of the
Montgomery County Department of Social Services (respond-
ent) as required by statute. The clerk summarily denied the
motion and the petitioner gave notice of appeal.

Following a hearing in superior court the trial judge found
facts, made conclusions of law and entered an order as follows:

1. That the petitioner/adopted child has repeatedly been the victim of rumors concerning the identity of her natural parents and has suffered great mental torment due to these unfounded rumors.

2. That the petitioner/adopted child has made diligent and consistent efforts to find out the true identity of her natural parents.

3. That the petitioner/adopted child has had a disturbed emotional and mental outlook as a result of not being able to correctly ascertain the true identity of her natural parents.

4. That the petitioner/adopted child is not able to accept her adoptive status but continually and persistently has made attempts to find out the identity of her natural parents.

5. The adoptive parents, Mr. and Mrs. Russell Spinks have fully consented to and encouraged their adopted child, Nancy Margaret Spinks, to petition this Court to find out the whereabouts and true identity of her natural parents.

6. That the Montgomery County Department of Social Services has encouraged both the adopted parents and adopted child to seek legal counsel in order to initiate these proceedings pursuant to G.S. 48-26.

BASED UPON THE FOREGOING FINDINGS OF FACT HIS HONOR MADE THE FOLLOWING CONCLUSION OF LAW:

1. That pursuant to the applicable statutory authority, G.S. 48-26, his Honor was obliged only to consider the benefit or lack thereof resulting from the revelation of this information to the petitioner and/or society; however, he was unable to consider the effect, if any, upon the petitioner's natural parents for their identity was not known to his Honor nor were they before the Court as provided for in G.S. 48-26.

NOW THEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The Director of Montgomery County Department of Social Services, Mr. Frank Ledbetter, is hereby to reveal

the identity and whereabouts of the petitioner's natural parents to her within a reasonable time from the entry of this Order.

From the entry of this order, the respondent director appealed.

*Harry E. Fisher for petitioner appellee.*

*Charles H. Dorsett for respondent appellant.*

BRITT, Judge.

Respondent contends first that petitioner's motion was insufficient in that it failed to state the grounds upon which she sought to obtain the requested relief under Rule 7 of the Rules of Civil Procedure. This contention is without merit.

Respondent argues that the motion was insufficient in that it fails to allege that the disclosure of the requested information would be in the best interest of herself or the public. We think the motion is sufficient to withstand this argument. Among other things the motion recites the applicable statute (G.S. 48-26) under which the grounds for disclosure of the information is set forth. Under the liberal notice theory of pleading established by the new rules, we hold that the motion was sufficient to advise respondent of the grounds upon which petitioner sought relief.

[1] Respondent contends that under G.S. 1-394, the natural parents, as adverse parties in this special proceeding, should have been served with summons and notice of the motion. This contention lacks merit.

The applicable statute, G.S. 48-25(c), requires that before a director of social services shall be required to disclose any information acquired in contemplation of the adoption of a child, the director must be served with the motion and notice of hearing. There is no requirement that the natural parents be served. Furthermore, when a final order of adoption is entered, the natural parents are divested of all rights pertaining to the child. G.S. 48-23(2). Here, the petitioner complied with the requirements of the statute and we hold that the notice given was sufficient.

Respondent contends that the trial court's findings of fact were not supported by competent evidence. He specifically ar-

gues that the finding that petitioner has a disturbed mental outlook is not supported by competent evidence in that no psychologist or other qualified individual testified with respect to petitioner's mental outlook. We do not reach this question. None of the evidence introduced at the hearing was brought forward in the record, therefore, it is presumed that the findings are supported by competent evidence. *In Re Housing Authority,* 233 N.C. 649, 65 S.E. 2d 761 (1951).

Respondent's sole exception to the entry of the order does present the question whether the order is supported by the findings of fact and conclusions of law. Rule 10, N. C. Rules of Appellate Procedure, 1 Strong, N. C. Index 3d, Appeal and Error § 26. Therefore, we will proceed to determine if the findings of fact and conclusion of law made by the trial court are sufficient to support the order requiring disclosure of the requested information.

The statute applicable to this case is G.S. 48-26. It provides that:

> "(a) Any necessary information in the files or the record of an adoption proceeding may be disclosed, to the party requiring it, upon a written motion in the cause before the clerk of original jurisdiction who may issue an order to open the record. Such order must be reviewed by a judge of the superior court and if, in the opinion of said judge, it be to the best interest of the child or of the public to have such information disclosed, he may approve the order to open the record.

> "(b) The original order to open the record must be filed with the proceedings in the office of the clerk of the superior court. *If the clerk shall refuse to issue such order, the party requesting such order may appeal to the judge who may order that the record be opened, if, in his opinion, it be to the best interest of the child or of the public.*" (Emphasis ours.)

This statute has not been interpreted by the appellate courts of this State and judicial considerations by other courts as to "sealed records" statutes are limited and of little help. *See, e.g., Spillman v. Parker,* 332 So. 2d 573 (La. App. 1976) ; *In Re Wells,* 281 F. 2d 68 (D.C. Cir. 1960) ; *Hubbard v. Superior Court,* 189 Cal. App. 2d 741, 11 Cal. Rptr. 700 (1961) ; *People v. Doe,* 138

N.Y.S. 2d 307 (1955) ; Application of Minicozzi, 51 Misc. 2d 595, 273 N.Y.S. 2d 632 (1966).

Some legislative intent is provided by our legislature in G.S. 48-1 where it is stated that:

"The General Assembly hereby declares as a matter of legislative policy with respect to adoption that—

\*    \*    \*

"(3) When the interest of a child and those of an adult are in conflict, such conflict should be resolved in favor of the child; and to that end this Chapter should be liberally construed."

Nevertheless, public policy dictates that certain records in adoption proceedings be handled in a most confidential manner. G.S. 48-25 provides that the original file of the adoption proceeding is not open for general public inspection. That statute also provides that it shall be a misdemeanor for any person in charge of the files to disclose any information concerning the contents of the adoption papers or for any director or employee of the social services to disclose any information concerning the natural, legal, or adoptive parents, except as provided in G.S. 48-26.

Much attention has been focused recently by the communications media on the efforts and rights of adopted children to learn of their biological origins. The various forms of cloture and sealed adoption record statutes enacted by the great majority of states have come under attack by some writers. *See, e.g., Sealed Records In Adoptions: The Need For Legislative Reform,* 21 Catholic Lawyer 211 (1975) ; Note, *The Adoptee's Right To Know His Natural Heritage,* 19 N.Y.L. Forum 137 (1973) ; Note, *The Adult Adoptee's Constitutional Right To Know His Origins,* 48 S. Cal. L. Rev. 1196 (1975).

Nevertheless, we think the confidentiality required by our adoption statutes should be protected except in compelling cases. Upon adoption in North Carolina, the statutes relieve the natural parents of legal obligations, divest them of their rights with respect to the person adopted, and give the adoptee the same legal status he would have if he had been born the legitimate child of the adoptive parents. G.S. 48-23. *Crumpton v. Crumpton,* 28 N.C. App. 358, 221 S.E. 2d 390 (1976). We think the continued confidentiality of the adoption records helps the adop-

In re Spinks

tive family establish itself as a social unit, free from outside interference, and provides an environment in which the child is encouraged to identify with his adoptive home. *Terzian v. Superior Court,* 10 Cal. App. 3d 286, 88 Cal. Rptr. 806 (1970).

[2]  In North Carolina, upon motion to open the files or the record of an adoption proceeding, the judge must determine that the disclosure of any necessary information would be in the best interest of the child or the public. G.S. 48-26. In making the determination we think the judge should carefully weigh the interests of the child *and* the public, including the interests of the adoptive parents and the natural parents. Any conflict, however, should be resolved in favor of the best interest of the child. G.S. 48-1(3).

What may be in the best interest of the adopted child is not easily discernible. The child's age and mental capability to be able to deal with the disclosure of this information are certainly important factors. Medical necessity such as the need for a specific type of blood would be a situation where the best interest of the child or public would be served by disclosure of pertinent information contained in the adoption files. It is also possible that many adopted children develop severe emotional or psychological difficulties caused by their preoccupation with the desire to know their biological origin or identity. The disclosure of the identity of the natural parent or parents may be in the adoptee's best interest in this type of circumstance.

The interests of the adoptive parents must also be weighed in determining what is in the best interest of the child or the public. Generally, they should be protected from possible interference from the natural parents particularly during the formative years of the child. That factor is not present in the case *sub judice* since the adoptive parents agreed to the disclosure.

Finally, the interests of the natural parents should be considered when determining if adoption proceeding records should be disclosed. Adoption is favored and encouraged as a matter of public policy. To this end the natural parent or parents must feel secure in the knowledge that their identity usually will remain confidential. Certainly the assurance of anonymity is an important consideration in the parents' decision to consent to the adoption of their child. The recent acceptance of abortion as a means to ending unwanted pregnancies might become more desirable if parent or parents realize that the details of adop-

tion proceedings are easily subject to disclosure. Since the trial judge does not know the identity of the natural parents or their desires, his determination of what is in the best interest of the child or the public can only be tempered by the realization that the opening of the records necessarily will affect the natural parents. Still, any conflict between the rights of the adopted child and those of the adoptive or natural parents should be resolved in favor of the child. G.S. 48-1(3).

[2] The determination as to what is in the best interest of the child or the public should be made by weighing the totality of the circumstances. As in child custody and support cases, the trial judge in this type of case is given wide discretion. Nevertheless, he is required to make sufficient findings from which it can be determined that the orders are justified and appropriate. *Ramsey v. Todd,* 25 N.C. App. 605, 214 S.E. 2d 307 (1975); *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967); *Powell v. Powell,* 25 N.C. App. 695, 214 S.E. 2d 808 (1975); *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324 (1967). We hold that there must be a finding of fact that the information sought to be revealed is necessary for the best interest of the child or the public before an order can be entered requiring disclosure of the information.

[3] It has been well stated in *Peoples v. Peoples,* 10 N.C. App. 402, 409, 179 S.E. 2d 138, 142 (1971), that:

> "There are two kinds of facts: Ultimate facts, and evidentiary facts. Ultimate facts are the final facts required to establish the plaintiff's cause of action or the defendant's defense; and evidentiary facts are those subsidiary facts required to prove the ultimate facts. . . . " *Woodard v. Modecai,* 234 N.C. 463, 67 S.E. 2d 639 (1951).

Specific factual findings as to each ultimate fact at issue upon which the rights of the litigants are predicated must be found. *Peoples v. Peoples, supra.* Here, the ultimate fact at issue was the determination of the best interests of the child. The trial judge failed to make this required ultimate finding of fact.

The trial court made six evidentiary findings and concluded in part:

> "That pursuant to the applicable statutory authority, G.S. 48-26, his Honor was obliged only to consider the benefit

In re Hogan

or lack thereof resulting from the revelation of this information to the petitioner and/or society . . . . "

We think also that this conclusion is insufficient to support the order that the information be disclosed to petitioner. Under the statute, disclosure is permitted when the trial judge determines it to be in the best interest of the child or the public. The conclusion that the trial judge could only consider "the benefit or lack thereof resulting from revelation of this information" fails to support the order of disclosure in this case.

The order appealed from is vacated and this cause is remanded for a new hearing and determination consistent with this opinion.

Order vacated and cause remanded.

Judges HEDRICK and CLARK concur.