376 So.2d 568 (1979)
Lilly Marie Yarno PRENTICE
v.
Wayne P. PARKER, Registrar of Vital Statistics of the City of New Orleans.
No. 9867.
Court of Appeal of Louisiana, Fourth Circuit.
October 10, 1979.
Kennedy & Yeager, Charles J. Yeager and George M. Foote, Alexandria, for plaintiff-appellee.
H. M. Westholz, Jr., Dept. of Health and Human Resources, New Orleans, for defendant-appellant.
Before SAMUEL, GULOTTA and GARRISON, JJ.
*569 SAMUEL, Judge.
Plaintiff, who was adopted in 1944 at a very young age, filed this mandamus proceeding against the Registrar of the Bureau of Vital Statistics of the City of New Orleans to compel production of her original birth certificate. The petition sets forth plaintiff's desire to determine her inheritance rights from her natural parents, for medical purposes, and to establish her identity.
Defendant answered in the form of a general denial and filed exceptions of no cause of action and lack of indispensable parties. Following a hearing, the exceptions were denied and judgment was rendered ordering the defendant to afford plaintiff an opportunity to inspect her original birth certificate. Defendant has appealed.
In this court appellant contends: (1) The adoptee's desire to learn her identity is not a sufficient compelling reason to warrant production of the documents; (2) the natural parent has constitutional rights to privacy, and a right to oppose adoptee's demand; and, alternatively, (3) the case should be remanded for an "in camera inspection" and the appointment of a curator to protect the rights and interests of the natural parent.
Adoption in Louisiana relieves the blood parents of the reciprocal rights and duties owed between parent and child with the exception that the child retains all inheritance rights. In pertinent part Civil Code Article 214 provides:
". . . the adopted person and his lawful descendants are relieved of all of their legal duties and divested of all of their legal rights with regard to the blood parent or parents and other blood relatives, except the right of inheritance from them."
On a previous occasion this court has held an adopted person has the right to inspect his original birth certificate and judgment of adoption to determine if he had a right to inheritance from his blood parents.[1] At the time this decision was rendered, in pertinent part the relevant statutory law, R.S. 40:81 A read as follows:
". . . The state registrar shall seal and file the original certificate of birth with the certificate of the decree. This sealed package shall be opened only on the order of a competent court either upon its own motion, or upon the demand of the adopted child or the adoptive parent, or the state registrar." LSA-R.S. 40:81 A.
However, the instant suit was filed in November, 1977 at which time Act 659 of 1977, effective September 9, 1977, provided:
". . . The state registrar shall seal and file the original certificate of birth with the certificate of the decree. This sealed package may be opened only on the order of a competent court either upon its own motion, or upon the demand of the adopted child or the adoptive parent, or the state registrar, for compelling reasons and only to the extent necessary to satisfy such compelling necessity." LSA-R.S. 40:81 A.
The issue presented is whether the desire to determine one's legal right of inheritance under Civil Code Article 214, or for medical purposes, or because an adoptee wishes to know her natural identity, are compelling reasons within the meaning of Act 659 of 1977.
In arriving at our conclusion in this matter we are bound by the recent Supreme Court case of Massey v. Parker, handed down on April 9, 1979 (prior to rendition of judgment in the instant case), and as yet unreported.
In Massey, which was also governed by the 1977 amendment, the Supreme Court considered a revision enacted in 1978 as being retroactive in effect. That revision provided:
"In satisfying the requirement that information shall be revealed only to the extent necessary to satisfy the compelling *570 necessity shown, the court is authorized to use the services of a curator ad hoc appointed pursuant to Article 5091.2 of the Louisiana Code of Civil Procedure."[2]
Article 5091.2 was added to the Code of Civil Procedure to provide for the curator.[3]
Following its finding that the 1978 enactment was retroactive, the Supreme Court concluded the legislature had indicated that even when a "compelling necessity" is found, there are other factors which must be considered in determining to what extent information in the sealed records will be disclosed.
The right of an adopted person to inherit from blood parents and other blood relatives may constitute a compelling reason for opening the sealed records. In Massey, the Supreme Court said:
"If those blood relatives from whom plaintiff could inherit are living in Louisiana or own immovable property in Louisiana, there is the potential for inheritance rights to exist. No rights to an estate can exist until there is an estate to be inherited. LSA-C.C. arts. 978, 979, 984; nor can any rights exist unless the blood relatives have lived in or owned immovable property (or other property) in a state which requires that plaintiff inherit. This being so, it must be established first whether there is in fact any estate to which plaintiff has a claim. In order to do this, there is no compelling necessity that plaintiff see the sealed records, but there is a compelling reason for the court to examine the records. In doing so, the court must be aware that others than plaintiff have a possible interest in the records which have been sealed. In this case, it could be that the blood parent (or parents) who gave the child up for adoption was assured of permanent anonymity, or has some real expectation of anonymity based upon the sealing of the records; that either or both may have a right to personal privacy which includes a right to remain anonymous is a possibility which must be recognized and dealt with by the court.
Given the circumstances of this case, and because of the lack of information which the district judge had on which to base a ruling, it is ordered that the decision below be reversed and the case be remanded for the appointment of a curator ad hoc in accordance with law. Acts 1978, No. 450. The curator shall be ordered to look into the records which have been sealed; he shall determine if the blood parents or other blood relatives are named. If not, there is no further relief which can be granted. If one is named, or if more than one are named, the court, aided by the curator, must make the further finding of whether there are any inheritance rights which presently exist. If there are, then the court shall have to determine a means by which plaintiff's rights may be assured, giving full consideration to protecting the confidentiality which may have been guaranteed to the blood parent or parents. It may be decided at this point that the parents are indispensable parties who must be joined or represented (either by counsel or by a curator) in the proceedings. LSA-C.C.P. arts. 641, 644-646, 927. Such a determination cannot be made at the present time.
In any steps which are taken, the utmost discretion and confidentiality must be observed; the situation is not one in which plaintiff alone could have rights which the law will protect; the parents' (and other relatives') right to privacy is a right which must be recognized and protected as long as it is insisted upon. There also may be an obligation owed the parent or parents arising from an agreement between one or both of them and those acting for the state or the adoption agency at the time plaintiff was given up for adoption. There may be an obligation implied from the acts of the parties at the time of the adoption. Any such obligation cannot be breached without giving the parties a right to be heard and making *571 provision for the exercise of their rights while at the same time assuring the protection of plaintiff's right to inherit."
Following the Massey decision, as we must, we remand this matter to the trial court for the purpose of appointing a curator and thereafter to determine whether or not plaintiff has compelling rights of inheritance, for medical reasons, or to determine her identity, all in accordance with the views expressed herein and in Massey.
For the reasons assigned, it is ordered that the judgment appealed from, which orders the defendant to produce the original birth certificate of Lilly Marie Yarno Prentice for her inspection be set aside and annulled. This matter is remanded to the trial court and the judge thereof is directed to appoint a curator ad hoc and proceed thereafter in accordance with the views and guidelines expressed herein and in the opinion and decree in the above cited Supreme Court case of Massey v. Parker; assessment of costs to await a final determination.
SET ASIDE, ANNULLED AND REMANDED.
NOTES
[1] Sillman v. Parker, La.App., 332 So.2d 573; see also Massey v. Parker, La.App., 362 So.2d 1195, reversed by the Supreme Court and discussed later in this opinion.
[2] Act 450 of 1978.
[3] Id.