383 So.2d 384 (1980)
Mary Agnes Pfister KIRSCH
v.
Wayne P. PARKER, Registrar of the Bureau of Vital Statistics of the City of New Orleans.
No. 66162.
Supreme Court of Louisiana.
April 7, 1980.
Rehearing Denied May 19, 1980.
*385 Victor J. Bradbury, Metairie, for plaintiff-respondent.
H. M. Westholz, Jr., Dept. of Health and Human Resources, New Orleans, for defendant-applicant.
EDWARD de la HOUSSAYE, III, Justice Ad Hoc.
Plaintiff filed for Writ of Mandamus on November 16, 1977 in Orleans Parish Civil District Court to compel the production of her original birth certificate and Judgment of Adoption from the sealed records of the Registrar of Vital Statistics. The matter was heard by Judge Thomas A. Early, Jr. on July 10, 1978 who ruled in favor of the plaintiff requiring the Acting State Registrar of Vital Records to produce the certificate for plaintiff's inspection. Defendant appealed, and the Fourth Circuit Court of Appeal affirmed the lower court opinion by Judge William A. Redmann. Kirsch v. Parker, 375 So.2d 693 (La.App. 4th Cir. 1979). Rehearing denied. We granted certiorari to determine whether an adoptee has a right to inspect the original records of her birth. Kirsch v. Parker, 378 So.2d 437 (La. 1979).
Plaintiff was born on October 7, 1944 and adopted at age five on June 13, 1949 through a court order. Plaintiff asserted in her petition three compelling reasons for which she should be permitted to see the sealed certificate: (1) to determine her inheritance rights as established by Louisiana Civil Code Article 214; (2) to determine the medical backgrounds of her parents in order to better diagnose and treat any ailments she may have or may contract in the future; and (3) to know more of her background in order to alleviate her mental anguish from flashbacks thought to be caused by her early childhood. La.R.S. 40:81(A).[1] Other than her pleadings, no evidence was produced at the hearing for Mandamus other than the plaintiff's testimony as to her medical history. Mrs. Kirsch testified that in addition to her request for inheritance, she had a history of medical ailments including problems of the urethra and kidney, r. h. negative factor, five miscarriages and an abnormal scar on her stomach which was unexplained at the time of her adoption. In addition, she asserted that she suffered from flashbacks of scenes which were of unexplained origin and certain phobias about closets and a fear of persons hiding beneath a bed. While she did not allege any emergency medical problem which at that time would require the certificate, she asserted that the medical information would also be useful for her children.
Defendant answered and alleged Exceptions of No Cause of Action and Lack of Indispensible Parties, those being the biological parents of the plaintiff. The trial judge overruled the exceptions and found compelling reasons had been offered by the plaintiff. He further ordered the defendant to disclose to plaintiff the names and addresses of her biological parents at the time of her adoption in conformance with the second requirement of La.R.S. 40:81(A), as the "extent necessary to satisfy such compelling necessity."
*386 After the conclusion of the trial, the state legislature amended La.R.S. 40:79, 40:80, 40:81(A), and R.S. 9:437(A), and added Article 5091.2 to the Code of Civil Procedure relative to the requirements for sealed records in adoption cases and the appointment of a curator-ad-hoc to assist the court in complying with the statutory requirements.[2] The legislature provided under Section 78 that the amendments would have retroactive status and would apply to adoption decrees rendered prior to, as well as after the date of the enactment.
While the trial court in the present case did not have the benefit of legislative guidance, the appellate court did. Additionally, we interpreted and upheld the new amendments in a related case, Massey v. Parker, 369 So.2d 1310 (La.1979), which was promulgated prior to the determination of the present case before the appellate court.
On appeal, the defendant urged that the interests and the right to privacy of the biological parents had been ignored by the trial court and that the plaintiff had not made a sufficient showing to compel the production of her certificate. Judge Redmann, on behalf of the appellate court, reviewed the recent amendments to the sealed records' provisions and found R.S. 40:81(A) effective in 1977, as being prospective in nature. Judge Redmann found the 1977 statute inapplicable to the plaintiff, inasmuch as she was given up for adoption at age five, some thirty years ago, and it could not be presumed that her parents did so with an expectation of privacy, which the 1977 statute's purpose was designed to protect. The court found that earlier statutes in effect at the time the plaintiff was adopted had no such purpose. Additionally, Judge Redmann found the retroactivity of the 1978 statute denied equal protection in plaintiff's case because of its overbroad inclusions of dissimilar classes of parents who had no expectation of privacy due to various reasons and parents who wished also to know the identity and whereabouts of their natural children. The statute was held to deny the accessibility of these persons to each other and thus, the state would have to prove a compelling interest to justify the unequal treatment given to those classes. On the basis of this analysis, the appellate court concluded that persons who were similarly situated to the plaintiff, that is, adopted after living some time with their biological parents, would not be held to the retroactive application of Act 450 of 1978.
While we appreciate our brother's scholarly analysis of the present case, we are also cognizant of similar arguments made before the federal appellate bench in Alma Society v. Mellon, 459 F.Supp. 912 (S.D.N.Y. 1978), aff'd, 601 F.2d 1225 (2d Cir. 1979). In this case, a statute which provided for the disclosure of confidential adoption records only after a hearing to determine justifiable reasons for the information was upheld as constitutional. The New York statute, similar to 42 other state statutes, was held as providing equal protection even in view of the fact that a few classes were burdened by the protection of privacy for other classes.
In the present case, the defendant reurged the original assignments made before the appellate court and assigned as additional errors that the court erred in finding R.S. 40:81(A), as established in 1977, to be prospective in nature and that it denied due process and equal protection.
*387 We decline to analyze the constitutional basis of the statute having already found in Massey that the balancing of interests of the parties are procedurally protected by R.S. 40:81(A) as amended in 1978 in the appointment of a curator-ad-hoc to aid the court in its determination. Massey, supra, at 1313, 1314.
A reading of the 1978 statute indicates that the legislature clearly intended that adoptees' rights to know their heritage would be balanced against the interests of those parents or parties who for one reason or another seek to remain anonymous. Our reading of earlier cases which discuss the amendments to the statute indicates that the statute afforded adoptees positive rights.[3] We therefore recognize and hold that the statute in its present version provides broad rights to the petitioner and those rights will be enforced when the proper procedures are followed as specified in the statute. We also find that this statute is intended to be retroactive and therefore guarantees these positive rights to all adoptees, including petitioner and others similarly situated.
In our most recent discussion of these rights, in Massey v. Parker, supra, a plaintiff alleged inheritance rights and obligations to his parents as compelling reasons for disclosing the names of his biological parents. We did not find obligations owed to blood parents as constituting a compelling reason. La.Civil Code Article 214. However, we concluded that the adopted person's right of inheritance from blood parents may constitute a compelling reason for the opening of sealed records and remanded the case to the trial court for further factual determinations relative to the existence of Mr. Massey's inheritance rights. The court was instructed to appoint a curator to inspect the sealed records and determine whether blood parents or relatives were named and to report these findings to the court for its determination of other possible steps to be taken. The court was cautioned that other persons than the plaintiff may have an expectation of privacy and to devise a means by which the rights of all parties could be assured, appointing the curator, if need be, to represent the biological parents as indispensible parties. We concluded:
"In any steps which are taken, the utmost discretion and confidentiality must be observed; the situation is not one in which plaintiff alone could have rights which the law will protect; the parents' (and other relatives') right to privacy is a right which must be recognized and protected as long as it is insisted upon. There also may be an obligation owed the parent or parents arising from an agreement between one or both of them and those acting for the state or the adoption agency at the time plaintiff was given up for adoption. There may be an obligation implied from the acts of the parties at the time of the adoption. Any such obligation cannot be breached without giving the parties a right to be heard and making provision for the exercise of their rights while at the same time assuring the protection of plaintiff's right to inherit."

Massey, supra, at 1315.
We find the situation in the present case similar to that found in Massey. Therefore, we find the appellate and trial courts erred in affirming the plaintiff's right to inspect her original birth certificate on her own behalf. We affirm the trial court determination that possible inheritance rights constitute a compelling reason for the opening of the sealed records. However, we remand to the court with instructions for the appointment of a curator-ad-hoc in conformance with La.R.S. 40:81(A) to inspect the sealed records to the extent necessary to satisfy that compelling reason.
We also find that there was insufficient evidence presented at the trial court for an adequate determination of the medical *388 problems alleged to constitute compelling reasons. While there may be compelling medical reasons for the disclosure of certain information on plaintiff's or any adoptee's original birth certificate, it may be so determined only after adequate presentation of evidence sufficient for the trial court's proper determination. It may be possible that after such a finding by the judge, a curator should be appointed to determine to what extent the confidential information on the birth record could satisfy that compelling necessity. We therefore remand for another hearing on the medical reasons asserted by the plaintiff.
We instruct the district judge to hold another hearing and appoint a curator in an expeditious manner. Our instructions serve to preclude any view that the procedures to be followed in La.R.S. 40:81(A) are to be looked upon as a "barrier" to the attainment of possible rights of adoptees.

DECREE
IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment of the district court finding a compelling reason is affirmed in part and remanded in part for the appointment of a curator-ad-hoc to determine any possible inheritance rights of plaintiff. The judgment ordering the Registrar of Vital Records to open the birth record for plaintiff's inspection is amended to order the Registrar to produce the record for inspection forthwith to the court appointed curator-ad-hoc.
IT IS FURTHER ORDERED that the case be remanded to the district court for another hearing to determine whether there are compelling medical reasons.
AFFIRMED IN PART, AMENDED IN PART, REMANDED IN PART.
DIXON, C. J., dissents, agreeing with Court of Appeal.
CALOGERO, J., dissents. The Court of Appeal opinion was correct.
NOTES
[1] La.R.S. 40:81(A), as established in 1977, in pertinent part reads as follows:

"The state registrar shall seal and file the original certificate of birth with the certificate of the (adoption) decree. This sealed package may be opened only on the order of a competent court either upon its own motion, or upon the demand of the adopted child or the adoptive parent, or the state registrar, for compelling reasons and only to the extent necessary to satisfy such compelling necessity."
Act 659 of 1977, effective September 9, 1977, prior to plaintiff's suit, amended La.R.S. 40:81(A) to include the dual requirement of establishing compelling reasons for the disclosure, and disclosure only to the extent necessary to satisfy such compelling reasons.
[2] La.R.S. 40:81(A) was revised by Act 450 of 1978 in pertinent part to read:

"This sealed package may be opened only on the order of a competent court either upon its own motion, or upon the demand of the adopted child or the adoptive parent, or the state registrar, for compelling reasons and only to the extent necessary to satisfy such compelling necessity. In satisfying the requirement that information shall be revealed only to the extent necessary to satisfy the compelling necessity shown, the court is authorized to use the services of a curator ad hoc appointed pursuant to Article 5091.2 of the Louisiana Code of Civil Procedure."
La.Code of Civil Procedure Article 5091.2:
"In complying with the provisions of Louisiana R.S. 9:437, 40:79 and 40:81 and related statutes the judge of the competent court is authorized to appoint an attorney who shall serve as curator-ad-hoc who will assist the court in complying with the statutory requirements for maintaining the confidentiality of adoption records and proceedings."
[3] A history of the statutory revisions of sections pertaining to sealed records of adoptions and recent cases therein are contained in Massey v. Parker, 369 So.2d 1310 (La.1979) and Chambers v. Parker, 349 So.2d 424 (4th Cir. 1977).