WILLIAMS, Judge.
Plaintiff Jo Ann Womack Stahel is appealing from a decision by the trial court refusing to allow her to view her birth certificate or to appoint a curator ad hoc to view the certificate for her.
Plaintiff Stahel was born on February 28, 1939 and was adopted in New Orleans on September 17,1941. She has instituted this action to learn the identity of her natural parents. She filed a mandamus proceeding against defendant seeking a court order to' produce the sealed birth certificate. After a trial on the merits, the district court found no compelling reason for the sealed records to be opened. It is from this judgment that plaintiff is now appealing.
The plaintiff claims there are five compelling reasons why she should be allowed to view her birth certificate: (1) she has been unable to obtain a passport, because Texas authorities will not recognize her cer *1292 tificate of adoption; (2) she has a pre-ulcer condition and an allergy to the sun and would like to know her family’s medical history; (3) she was told by her adopted mother that her natural family was a family “of means,” and she wants to know if she has any inheritance rights from them; (4) she would like to be able to help any natural brothers and sisters that she might have; and (5) her children will be attending school in Louisiana, and she is concerned because there is a possibility that they might marry first cousins without knowing it. Alternatively, the plaintiff is seeking to have a curator ad hoc appointed to view the sealed records to determine if any of these reasons are compelling.
La.R.S. 40:79 was adopted in 1979. It states in pertinent part:
(A) Whenever a final decree of adoption shall be entered, the Clerk of Court shall forward, on a form supplied by the Department of Health and Human Resources, a certificate of the decree to the State Registrar who shall make a new certificate of live birth of the person adopted in the new name, if the name has been changed in the decree. If the child is adopted by a single person and the name of the child is changed, the word ‘adopted’ shall be written on the new birth certificate. The State Registrar shall seal and file the original certificate of birth with the certificate of the decree. This sealed package may be opened only on order of a competent court whether upon its own motion, or upon the demand of the adopted person, or if deceased, by his or her descendants, or the adoptive parent, or the State Registrar for compelling reasons and only to the extent necessary to satisfy such compelling necessity. In satisfying the requirement that information shall be the revealed only to the extent necessary to satisfy the compelling necessity shown, the court is authorized to use the services of a curator ad hoc appointed pursuant to Article 509.12 of the Louisiana Code of Civil Procedure.
We find that it is clear that on the basis of her passport difficulties, her medical history, her possible contact with siblings, and worries about her children marrying first cousins, the plaintiff has failed to prove the necessity for the opening of the sealed records, or for the appointment of a curator ad hoc. After reviewing the transcript of the trial, we are unable to disagree with the trial court’s decision that these four reasons are not compelling. Plaintiff presented no evidence other than her testimony, which was minimal at best. We find no abuse of the trial court’s discretion. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The plaintiff argues that a curator ad hoc should be appointed to view her records to determine the possibility of inheritance rights. In Prentice v. Parker, 376 So.2d 568 (La.App. 4th Cir.), this court held, that in view of the right of an adopted person to inherit from his or her natural parents and other relatives, the determination of inheritance may be a compelling reason for the opening of the sealed records. To do so, however, the court must first establish that a plaintiff does have a claim to an estate and in order to do so, the court must examine the records. See Kirsch v. Parker, 383 So.2d 384 (La.1980). The trial court, therefore, should have appointed a curator ad hoc to view the sealed records for the limited purpose of determining whether plaintiff has any inheritance rights.
One of the primary purposes of La.R.S. 40:79 is to protect the privacy of natural parent(s). Kirsch v. Parker, supra. Allowing a mere “barebone” allegation of the possibility of inheritance rights to be the basis of opening a sealed record, however, appears to us to defeat this purpose. Nevertheless, we are compelled to follow the dictates of the Louisiana Supreme Court until that court or the legislature provides different guidelines for resolving this apparent conflict of policy considerations: the inheritance rights of adopted persons and the expectations of privacy of those people who gave up their children for adoption.
For the foregoing reasons, the decision of the trial court is affirmed in part, reversed *1293 and remanded in part, allowing the appointment of a curator ad hoc to view the sealed records for the limited purpose of determining whether plaintiff has any inheritance rights from her natural relatives. Defendant-appellee is to pay all costs of this appeal.
AFFIRMED IN PART.
REVERSED AND REMANDED IN PART.
BARRY, J., concurs.