IN THE MATTER OF TONYA RENEE RUMLEY AND GARY DEAN RUMLEY, SHERRY HUTCHENS DOBZENSKI, PETITIONER v. EDWARD R. INMAN, DIRECTOR ALAMANCE COUNTY DEPARTMENT OF SOCIAL SERVICES; ROBIN PEACOCK, SUPERVISOR OF ADOPTIONS, DIVISION OF SOCIAL SERVICES, NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES; BOBBY RAY RUMLEY, AND WIFE, VICTORIA RUMLEY, RESPONDENTS

No. 8215SC658

(Filed 17 May 1983)

**Appeal and Error § 28.1— failure to except to findings of fact and conclusions — judgment affirmed**

In an appeal from orders denying plaintiff's motion for an order requiring the opening of an adoption record where plaintiff failed to except to the findings of fact and conclusions drawn to support the judgment, the judgment is affirmed.

APPEAL by petitioner from *Braswell, Judge.* Orders entered 1 March 1982 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 9 May 1983.

*Loretta A. Cecil, for petitioner appellant.*

*Attorney General Edmisten, by Assistant Attorney General Steven Mansfield Shaber, for respondent appellee, Robin Peacock, Supervisor of Adoptions.*

*Vernon, Vernon, Wooten, Brown and Andrews, by E. Lawson Brown, Jr., and T. Randall Sandifer, for respondent appellees, Bobby Ray Rumley and Victoria Rumley.*

VAUGHN, Chief Judge.

This is an appeal from orders denying plaintiff's motion for an order requiring the opening of an adoption record.

The only exceptions brought forward are to the signing of the order. These exceptions only bring forward the question of whether the facts found and conclusions drawn support the judgment. Rule 10(a), Rules of Appellate Procedure. The questions of whether the findings of fact are supported by the evidence and whether the findings of fact support the conclusions of law are not presented. Furthermore, there is no exception to the failure of the court to make the positive findings that would have been essential to an order granting the relief sought. For example,

there must be a finding of fact that the information sought to be revealed is necessary for the best interest of the child or the public before an order can be entered requiring disclosure of the information. *In re Spinks*, 32 N.C. App. 422, 232 S.E. 2d 479 (1977). The order contains no such finding.

Affirmed.

Judges HEDRICK and ARNOLD concur.