HOUSING AUTHORITY OF THE CITY OF HIGH POINT v. RUTH M. CLINARD; MARY ALAN CLINARD FLINN; HENRY I. FLINN, JR.; GILBERT H. CLINARD; MILDRED S. CLINARD; JOHN W. CLINARD, JR.; LELIA T. CLINARD; TENNESSEE PRODUCTION COMPANY; DIRECT OIL CORPORATION; CITY OF HIGH POINT; AND, COUNTY OF GUILFORD

No. 8318SC355

(Filed 6 March 1984)

**1. Appeal and Error § 57.1— review of findings—necessity for exceptions**

Where appellant failed to except in the record on appeal to the findings of fact in either order from which it appealed, such findings are deemed as a matter of law to be supported by competent evidence and are conclusive on appeal.

**2. Attorneys at Law § 7.5; Costs § 3.1— condemnation for urban renewal—voluntary dismissal—award of counsel fees**

A municipal housing authority was properly required to pay an award of counsel fees to respondents after the housing authority voluntarily dismissed and abandoned its condemnation proceeding for an urban renewal project. G.S. 160A-503(2); G.S. 1-209.1.

APPEAL by petitioner, Housing Authority of the City of High Point, from *Washington, Judge.* Order entered 29 October 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 17 February 1984.

*Hugh C. Bennett, Jr., for petitioner appellant.*

*Wyatt, Early, Harris, Wheeler & Hauser by Frank B. Wyatt for respondent appellees.*

BRASWELL, Judge.

The appeal of the Housing Authority of the City of High Point questions the propriety of its having to pay an award of attorney's fees to respondents after the Housing Authority took a voluntary dismissal of its condemnation proceeding for an urban renewal project. Finding no error, we affirm.

The present action, 78SP339, was begun on 6 April 1978. The dismissal occurred on 7 June 1982, the same date the case had been calendared for jury trial on the issue of damages. The notice of voluntary dismissal without prejudice said: "this proceeding having been abandoned upon the commencement of pro-

ceedings by the CITY OF HIGH POINT on or before July 19, 1979, (79CVS5825)."

The respondents duly petitioned the Clerk of Superior Court for attorney's fees. In a hearing on 15 September 1982, reduced to a written order dated 28 September 1982, the Clerk, after hearing the evidence, made extensive findings of fact and conclusions of law and awarded reasonable attorney's fees to respondents in the sum of $7,443.75, based upon approximately 99¼ hours of work from 6 April 1979 until 7 June 1982. Ten additional hours were rejected in an effort by counsel to make the total hours as accurate as possible.

On the Housing Authority's appeal from the Clerk's order a hearing in Superior Court was held on 25 October 1982, with final order dated 29 October 1982 affirming the Clerk's award of reasonable attorney's fees.

[1] The brief of the Housing Authority words the question for review thusly: "Whether the award of attorney fees, as concluded and ordered by the clerk and affirmed by the court below, is supported by the facts or contrary to the applicable law." Our standard of review is controlled by an inquiry into whether the facts found and conclusions drawn support the orders entered. Our review is limited because there are no objections and no exceptions in the record to the final order of the Superior Court of 29 October 1982. We note also that there were no objections or exceptions taken to any of the Clerk's findings or conclusions. In its notice of appeal of 8 November 1982 the Housing Authority inserted this language: "exceptions to said Order and rulings to be hereafter assigned." In its subsequent assignments of error counsel purports to set out two exceptions: one is to the Clerk's order "on the grounds that the Conclusions of Law are not supported by the Findings of Fact," and the second is to "[t]he entry of the Order" of 29 October 1982. These words do not get the appellant past the statement of the scope of appellate review found in Rule 10(a) of the Rules of Appellate Procedure, which provides that our duty on review is to determine whether the order is supported by the findings of fact and conclusions of law. For a recent and thorough analysis, and restatement of these rules, *see State v. Oliver*, 309 N.C. 326, 333-36, 307 S.E. 2d 304, 310-12 (1983). Here, the Housing Authority failed to except in the record on ap-

peal to the findings of fact in either order from which it appealed, and such findings are deemed as a matter of law to be supported by competent evidence and are conclusive on appeal. *In re Smith*, 56 N.C. App. 142, 149, 287 S.E. 2d 440, 444, *cert. denied*, 306 N.C. 385, 294 S.E. 2d 212 (1982). *See In re Rumley v. Inman*, 62 N.C. App. 324, 302 S.E. 2d 657 (1983).

[2]    The statutory law allows an award of attorney's fees to be made in condemnation proceedings under Urban Redevelopment. *See* G.S. 160A-503(2). In addition, through its enactment of G.S. 1-209.1 our Legislature has declared that in this type proceeding the Clerk of Superior Court is "authorized to fix and tax the petitioner with a reasonable fee for respondent's attorney in cases in which petitioner takes or submits to a voluntary nonsuit or otherwise abandons the proceeding." Having chosen to take a voluntary dismissal and abandon this case on 7 June 1982, the Housing Authority must now suffer the consequences of an award of attorney's fees as ordered by the Superior Court on 29 October 1982. The order is fully supported by the judge's findings of fact and conclusions of law.

Affirmed.

Judges WELLS and PHILLIPS concur.