CLARENCE EDWARD DAVIDSON AND CAROLYN TUGGLE DAVIDSON v. GASTON COUNTY DEPARTMENT OF SOCIAL SERVICES FOR THE ADOPTION OF MARGARET MICHELLE (DAVIDSON)

No. 8127SC803

(Filed 20 April 1982)

1. **Adoption § 2— adoption proceeding—transfer to superior court—jurisdiction of motion to open child's records**

     Where the clerk of superior court transferred an adoption proceeding to the civil issue docket for trial in the superior court pursuant to G.S. 1-273, the superior court had jurisdiction under G.S. 1-276 to determine petitioners' motion that the records of respondent Department of Social Services relating to the child be opened to them in order that they might prepare for the adoption proceeding.

2. **Adoption § 2— adoption proceeding—opening of child's records to petitioners**

     The trial court's findings were insufficient to support its conclusion that the best interests of a child sought to be adopted by petitioners and of the public required that records of a department of social services pertaining to the child should be partially opened to the petitioners in order for them to prepare for the adoption hearing.

APPEAL by defendant from *Burroughs, Judge.* Judgment entered 16 April 1981 in Superior Court, GASTON County. Heard in the Court of Appeals 31 March 1982.

Petitioners are seeking to adopt Margaret Moore, who resided in their home as a foster child for two and one-half years. Respondent refuses to give petitioners the necessary consent to adopt Margaret, because she is one of four siblings whom respondent feels should be placed together. On 19 January 1981, petitioners filed a motion in the cause requesting that respondent's records on Margaret be opened to them, in order to prepare for the adoption hearing. The Clerk of Superior Court denied the motion on 30 January and transferred the case to Superior Court for trial, pursuant to G.S. 1-273. Petitioners then filed another motion on 8 April requesting access to respondent's records. Judge Burroughs heard the motion, and entered an order filed 16 April containing the following relevant findings of fact, conclusions of law, and judgment:

FINDINGS OF FACT

. . .

6. The information sought to be revealed is necessary for the best interest of the child and the public.

7. Only a partial release of information is necessary at this time.

CONCLUSIONS OF LAW

1. The Court has jurisdiction over the subject matter and the parties.

2. The information sought to be revealed is necessary for the best interest of the child and the public.

IT IS THEREFORE, ORDERED:

1. The D.S.S. will furnish to the Attorney for the Petitioners a copy of pages one, two, three, four, five and six of Form D.S.S. 1808, Children Serv. (DSS—CW-4)-Rev. 11-74 report on proposed adoption; Clarence Edward Davidson (adopting father), Carolyn Tuggle Davidson (adopting mother), dated December 30, 1980. Said information will be provided within ten calendar days of the date of this ORDER.

2. That the content, results, and interpretation of any and all psychological history be furnished by the D.S.S. to the Attorney for the Petitioners not less than ten calendar days prior to any hearing on the merits of this motion. Said psychological information will be furnished on Margaret Michelle Moore and her siblings.

Respondent appeals from this order.

*Frederick R. Stann, for petitioners-appellees.*

*Catherine C. Stevens, for respondent-appellant.*

WELLS, Judge.

Two issues are raised by this appeal: one, whether the Superior Court had subject-matter jurisdiction to hear petitioners' motion, and two, whether the trial court properly granted

the partial opening of respondent's adoption file on Margaret Michelle Moore.

[1] Respondent first contends that the Superior Court lacked jurisdiction to hear plaintiff's motion, arguing that adoption is by a special proceeding before the Clerk of Superior Court, G.S. 48-12, and that the Superior Court has no jurisdiction in an adoption proceeding except on appeal from the Clerk, relying on G.S. 48-26(b); *In re Custody of Simpson*, 262 N.C. 206, 136 S.E. 2d 647 (1964); *In re Daughtridge*, 25 N.C. App. 141, 212 S.E. 2d 519 (1975). While respondent's arguments do correctly reflect general legal principles, they ignore a separate procedural and jurisdictional scheme for cases initially heard before the Clerk, which is set out in Chapter 1 of the General Statutes. G.S. 1-273 provides:

§ 1-273. Clerk to transfer issues of fact to civil issue docket.

If issues of law and of fact, or of fact only, are raised before the clerk, he shall transfer the case to the civil issue docket for trial of the issues at the next ensuing session of the superior court. (C.C.P., c. 115; Code, s. 256; Rev., s. 588; C.S., s. 634; 1971, c. 381, s. 12.)

G.S. 1-276 further provides:

§ 1-276. Judge determines entire controversy; may recommit.—

Whenever a civil action or special proceeding begun before the clerk of a superior court is for any ground whatever sent to the superior court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so. (1887, c. 276; Rev., s. 614; C.S., s. 637.)

Following a hearing on petitioners' 19 January motion, the Assistant Clerk of Superior Court denied the motion and entered an order finding facts and concluding that: "[i]ssues of fact and/or law have been raised and that such matters should properly be transferred to the civil issue docket for trial at the next ensuing term of Superior Court pursuant to G.S. 1-273." By their motion

dated 8 April, petitioners requested that the Superior Court judge grant them a hearing. Judge Burroughs determined that he had jurisdiction to hear the motion, and subsequently granted it. There is no evidence to indicate that the judge elected to remand the matter to the Clerk. We find that the Superior Court properly exercised jurisdiction in this matter pursuant to G.S. 1-276, and overrule respondent's assignment of error. *See Oxendine v. Dept. of Social Services*, 303 N.C. 699, 281 S.E. 2d 370 (1981).

[2] In its second assignment of error, respondent contends that Judge Burroughs' finding of fact that the information sought to be revealed is necessary for the best interest of the child and the public, is unsupported by the evidence and does not support the conclusion of law. We find merit in this contention.

In *In re Spinks*, 32 N.C. App. 422, 232 S.E. 2d 479 (1977), this court interpreted G.S. 48-26 for the first time, and held that multiple, and possibly conflicting interests should be carefully evaluated and weighed by the court in deciding whether to open adoption records. These interests include, *inter alia*, those of the child, the adoptive parents, the natural parents, and the public.

> The determination as to what is in the best interest of the child or the public should be made by weighing the totality of the circumstances. As in child custody and support cases, the trial judge in this type of case is given wide discretion. Nevertheless, he is required to make sufficient findings from which it can be determined that the orders are justified and appropriate. *Ramsey v. Todd*, 25 N.C. App. 605, 214 S.E. 2d 307 (1975); *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967); *Powell v. Powell*, 25 N.C. App. 695, 214 S.E. 2d 808 (1975); *Swicegood v. Swicegood*, 270 N.C. 278, 154 S.E. 2d 324 (1967).

*Id.* at 428; *see also* "The Adoptee's Right of Access to Sealed Adoption Records in North Carolina," 16 Wake Forest L. Rev. 563 (1980); Survey, "Domestic Relations," 56 N.C.L. Rev. 1045 (1978); Annot., 83 A.L.R. 3d 800. We find that in this case, there were insufficient findings of fact to support the conclusion of law that it was in the best interest of the child and the public that respondent's records be opened to petitioners. For this reason, the order of the trial court must be vacated.

Vacated and remanded.

Judges HILL and BECTON concur.