IN RE: WILLIAM EDWARD WILKINSON, JAMY LEE WILKINSON, AND JONATHAN WAYNE WILKINSON, MINOR CHILDREN AND ALAMANCE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER v. CHERYL RIFFEL, GUARDIAN AD LITEM

No. 8315DC1296

(Filed 2 January 1985)

**Infants § 9.1— Department of Social Services ordered to furnish guardian ad litem adoption information—no error**

    The court did not err by ordering the Department of Social Services to furnish the guardian ad litem for two children with information as to the home in which the children had been placed for adoption. G.S. 7A-586 specifically gives the court the power to order that the guardian ad litem have confidential information which in the opinion of the guardian ad litem is relevant to the case, and the placement of juveniles for adoption is relevant to a determination by the guardian ad litem as to whether the needs of the juveniles are being met. G.S. 48-25(b).

APPEAL by petitioner Alamance County Department of Social Services from order of *Washburn, Judge.* Order entered 29 August 1983 in District Court of ALAMANCE County. Heard in the Court of Appeals 26 September 1984.

The Alamance County Department of Social Services appeals from an order requiring it to give information to Cheryl Riffel as guardian ad litem for two minors. Cheryl Riffel was appointed guardian ad litem for the three Wilkinson minors in a proceeding to terminate parental rights. On 23 August 1982 the parental rights to the three children were terminated and the custody and control of the children were given to the Department together with the right to give and withhold consent to adoption. A review of the matter was heard on 15 August 1983. At that time a social worker for the Department reported that two of the children had been placed in an adoptive home and were doing well. On 24 August 1983 the guardian ad litem made a motion that the Department be required to reveal to her information pertaining to the placement of the two children. The Court granted the motion and defendant appealed.

*G. Keith Whited for appellant Alamance County Department of Social Services.*

*Messick, Messick and Messick, by Steven H. Messick for appellee Cheryl Riffel, Guardian ad Litem.*

WEBB, Judge.

The Court has ordered the Department of Social Services to furnish the guardian ad litem for two minor children with information as to the home in which the minors have been placed for adoption. The resolution of this appeal depends on whether the Court had the power under the statutes to enter this order. The guardian ad litem was appointed pursuant to G.S. 7A-586 which provides in part:

> When in a petition a juvenile is alleged to be abused or neglected, the judge shall appoint a guardian ad litem to represent the juvenile. The appointment shall be made pursuant to the program established by Article 39 of this chapter unless representation is otherwise provided pursuant to G.S. 7A-491 or G.S. 7A-492. In every case where a nonattorney is appointed as guardian ad litem, an attorney shall be appointed in the case in order to assure protection of the child's legal rights within the proceeding. The duties of the guardian ad litem shall be to make an investigation to determine the facts, the needs of the juvenile, and the available resources within the family and community to meet those needs; to facilitate, when appropriate, the settlement of disputed issues; to explore options with the judge at the dispositional hearing; and to protect and promote the best interest of the juvenile until formally relieved of the responsibility by the judge.
>
> . . . .
>
> The judge may order the Department of Social Services or the guardian ad litem to conduct follow-up investigations to insure that the orders of the court are being properly executed and to report to the court when the needs of the juvenile are not being met. The judge may also authorize the guardian ad litem to accompany the juvenile to court in any criminal action wherein he may be called to testify in a matter relating to abuse.
>
> The judge may grant the guardian ad litem the authority to demand any information or reports whether or not confidential, that may in the guardian ad litem's opinion be relevant to the case. Neither the physician-patient privilege nor

the husband-wife privilege may be invoked to prevent the guardian ad litem and the court from obtaining such information. The confidentiality of the information or reports shall be respected by the guardian ad litem and no disclosure of any information or reports shall be made to anyone except by order of the judge.

This section gives the guardian ad litem many more responsibilities and duties than a guardian ad litem ordinarily has. The guardian ad litem has the continuing duty to conduct follow-up investigations and to report to the court when the needs of the juveniles are not being met. The section specifically gives the Court the power to order that the guardian ad litem have confidential information which in the opinion of the guardian ad litem is relevant to the case. We believe the placement of juveniles for adoption is relevant to a determination by the guardian ad litem as to whether the needs of the juveniles are being met. G.S. 48-25(b) provides that information gathered by the Department as to adoptive parents shall be confidential. G.S. 7A-586 provides that the guardian ad litem is entitled to confidential information. We hold that the Court did not commit error in ordering pursuant to G.S. 7A-586 that the guardian ad litem have this information. We express no opinion as to what our holding would be if the adoption proceeding had been filed.

The appellant also contends the Court committed error in ordering the release of the information without considering the rights of the adoptive parents. As we read G.S. 7A-586 the Court may order the release of confidential information to a guardian ad litem if the guardian ad litem needs the information to determine whether the needs of the juveniles are being met. We hold that the Court made sufficient findings of fact so that the requirements of this statute were met. The appellants rely on *In re: Spinks*, 32 N.C. App. 422, 232 S.E. 2d 479 (1977); *Peoples v. Peoples*, 10 N.C. App. 402, 179 S.E. 2d 138 (1971) and *Davidson v. Dept. of Social Services*, 56 N.C. App. 806, 290 S.E. 2d 399 (1982). The cases do not deal with the release of information under G.S. 7A-586 and have no application to this case.

Affirmed.

Judges BRASWELL and EAGLES concur.