IN THE MATTER OF JAMES S., A JUVENILE

No. 873DC167

(Filed 7 July 1987)

**Infants § 9.1— guardian ad litem—relief from duties upon filing of adoption petition**

> The trial court did not err in relieving a guardian ad litem of her responsibilities and denying her motion to gain access to the child's adoption records, since the guardian had no responsibilities once the adoption petition was filed.

APPEAL by Respondent from *Hunter, Judge.* Order entered 18 November 1986 in District Court, PITT County. Heard in the Court of Appeals 9 June 1987.

In re James S.

*Everett, Everett, Warren & Harper, by Ryal W. Tayloe,
C. W. Everett, Sr., and Edward J. Harper II, for petitioner ap-
pellee.*

*David A. Leech for respondent appellant.*

BECTON, Judge.

Respondent, Carol Mattocks, guardian ad litem for James S.,
appeals from an order relieving her of all responsibilities as
guardian ad litem and denying her request for access to reports
and records regarding James S.'s adoption.

On 17 September 1985 Carol Mattocks was appointed guard-
ian ad litem for James S. and his two half-brothers in a pro-
ceeding in which they were adjudged abused, neglected and
dependent. They were placed in the custody of the Pitt County
Department of Social Services (DSS). In September 1986 James'
half-brothers were placed with their natural father. On 21 July
1986 a petition for James' adoption was filed. On 29 October 1986
the guardian ad litem filed a motion requesting access to James'
adoption records. The DSS filed a petition in district court re-
questing that the court relieve the guardian ad litem of her
responsibilities and deny her motion to gain access to James'
adoption records. The court granted the relief sought by DSS.
The guardian ad litem appealed. We affirm.

The guardian ad litem contends that the district court judge
relieved her of responsibilities to James S. based on its mistaken
belief that that court's jurisdiction ended upon the filing of an
adoption petition. She argues that the juvenile court does not lose
jurisdiction until that jurisdiction is terminated by statute (citing
*In re Shoe*, 311 N.C. 586, 319 S.E. 2d 567 (1984) ); and that the pro-
visions of N.C. Gen. Stat. Sec. 7A-660(b) (1986) contemplate the
continuation of the juvenile court's jurisdiction during the
pendency of any adoptive proceeding because the court must re-
view an agency's plan for the child in the event the adoption peti-
tion is dismissed or withdrawn. We disagree with her reading of
the statutes.

Chapter 7A specifically directs the district court to conduct
periodic reviews of the juvenile's case before an adoption petition
is filed. N.C. Gen. Stat. Sec. 7A-660(c). Only when an adoption

petition is withdrawn or dismissed does the district court recommence its supervision. Jurisdiction over adoption proceedings is vested solely in superior court. Thus the district court has no jurisdiction to act once a petition for adoption is filed, and its jurisdiction is in abeyance once the petition is filed. The legislature charged the county department of social services or other licensed child-placing agency with the responsibility of selecting adoptive parents. N.C.G.S. Sec. 7A-659(f). The guardian ad litem's responsibility during this process is to raise any issue of the agency's abuse of discretion within ten days after she receives written notice of the filing of the adoption petition. The legislature provided no other responsibility for the guardian ad litem once a petition for adoption is filed, and, indeed, none seems appropriate. The superior court has the wherewithall to accept or dismiss the petition in the child's best interest. The legislature clearly vested the DSS with the duty and responsibility "to investigate the condition and antecedents of the child for the purpose of ascertaining whether he is a proper subject for adoption, to make appropriate inquiry to determine whether the proposed adoptive home is a suitable one for the child, and to investigate any other circumstances or conditions which may have a bearing on the adoption and which the court should have knowledge." N.C.G.S. Sec. 48-16(a) (1986). Absent any responsibilities or duties to perform, the guardian ad litem is superfluous to an adoption proceeding, and, in light of the thorough command given to the DSS, we fail to see how the child's interest might better be served by extending the guardian's role. More importantly, the guardian ad litem is required "to protect and promote the best interests of the juvenile until formally relieved of the responsibility by the judge." N.C.G.S. Sec. 7A-586. The guardian was formally relieved in this case.

The order is affirmed.

Judges MARTIN and COZORT concur.