IN THE MATTER OF N.C.L., A JUVENILE

No. 873DC803

(Filed 1 March 1988)

**Guardian and Ward § 1; Adoption § 2— dependent child—adoption of—responsibility of guardian ad litem**

> In an action arising from a guardian ad litem's motion to compel DSS to grant his request to visit the child and for information on prospective adoptive parents, a district court's order allowing DSS's motion to dismiss respondent as guardian ad litem and denying respondent's motion was reversed. It was the guardian ad litem's right and duty to inquire into DSS's handling of the adoption and the subsequent notice of an adoption petition did nothing to prevent the district court from entertaining the motion. A guardian ad litem's responsibility to a child is intact for ten days after receipt of written notice of the filing of an adoption petition, and any motion alleging abuse of discretion in the adoption process should be filed with the clerk of superior court within the ten day period. Since the adoptive parents choose where to file the petition, without the requested information a guardian ad litem would be totally unaware of the proper tribunal in which to assert any issues of abuse of discretion. N.C.G.S. § 7A-586, N.C.G.S. § 7A-659(f).

APPEAL by respondent James Bruner, guardian *ad litem* for N.C.L., from *Ragan (James E., III), Judge*. Order entered 31 July 1987 in District Court, PITT County. Heard in the Court of Appeals 1 February 1988.

On 14 October 1980, the Pitt County district court adjudged N.C.L., a juvenile, to be a dependent and placed the child in the custody of the petitioner, Pitt County Department of Social Services (DSS). On 4 September 1984, DSS petitioned the court to terminate parental rights. The court appointed respondent as N.C.L.'s guardian *ad litem*. Parental rights were terminated on 4 November 1986, and DSS began looking for adoptive homes for the child. During that time respondent allegedly made several requests of DSS to visit N.C.L. and to obtain information on any prospective adoptive parents. These requests were for the most part denied.

On 25 March 1987, respondent filed a motion in district court to compel DSS to grant his requests. A hearing was scheduled for 31 March 1987; however, on that date respondent received notice that a petition for adoption of N.C.L. had been filed. On 1 April 1987, petitioner filed a response to respondent's motion and asked

the court to relieve respondent of his responsibilities as guardian *ad litem* on the grounds that an adoption petition had been filed. A hearing was subsequently held on 2 April 1987 at which the court orally denied the motions of both respondent and petitioner.

On 7 April 1987, respondent filed another motion in the district court renewing his request to meet with N.C.L. and for information concerning the adoption process stating that such information was necessary for him to make a determination as to whether DSS had abused its discretion in the adoption selection process. Another hearing was held on 9 April 1987 at which the judge orally denied respondent's motion but granted petitioner's renewed motion to dismiss respondent as guardian *ad litem*. On 31 July 1987, the district court judge entered a written order denying all earlier motions based on lack of the district court's jurisdiction once the adoption petition had been filed. Respondent appeals.

    *David A. Leech for respondent-appellant*

    *Everett, Everett, Warren & Harper, by Ryal W. Tayloe, Edward J. Harper, II, and Scott W. Warren, for petitioner-appellee.*

    SMITH, Judge.

Respondent assigns as error the district court's denial of his motion requesting visitation with the minor child, N.C.L., and information regarding potential adoptive homes. He contends that as guardian *ad litem* he is entitled to the requested information to determine any possible abuse of discretion on the part of DSS and that the district court retained jurisdiction pursuant to G.S. 7A-659(f) to consider the merits of his motion. We agree.

The duty of a guardian *ad litem* in a juvenile case is to see that the child's interests and needs are being met. This duty extends to involvement in the placement of juveniles for adoption. *In re Wilkinson v. Riffel,* 72 N.C. App. 220, 324 S.E. 2d 31 (1985). The guardian is empowered under G.S. 7A-659(f) to request information about and be consulted concerning the adoption selection process. This includes confidential adoption information regarding adoptive parents. *Id.* G.S. 7A-586 specifically provides that "the judge may grant the guardian *ad litem* the authority to demand information or reports *whether or not confidential* that may in

the guardian *ad litem's* opinion be relevant to the case." (Emphasis added.) It was respondent's duty and right to inquire into DSS's handling of N.C.L.'s adoption, and it was within the district court's jurisdiction to order DSS to turn over the requested information, despite its confidential nature.

Petitioner contends that the district court's jurisdiction ended the moment the notice of the filing of an adoption petition was received on 31 March 1987. We disagree. The district court, in this case, did have jurisdiction to entertain respondent's 25 March motion. It is generally held that once jurisdiction of a court attaches, it exists until the cause is *fully* determined and is not ousted by subsequent events. *In re Peoples*, 296 N.C. 109, 250 S.E. 2d 890 (1978), *cert. denied*, 442 U.S. 929, 61 L.Ed. 2d 297, 99 S.Ct. 2859 (1979). This is true even if the subsequent event would have prevented jurisdiction from attaching at the outset. *Id.* Jurisdiction in this case attached on 25 March, five days prior to the receipt of notice of the adoption petition. The subsequent notice did nothing to prevent the district court from entertaining the motion. Our Supreme Court has noted:

> Jurisdiction is not a light bulb which can be turned off or on during the course of the trial. Once a court acquires jurisdiction over an action it retains jurisdiction over that action throughout the proceeding. . . . If the converse of this were true, it would be within the power of the defendant to preserve or destroy jurisdiction of the court at his own whim.

*In re Peoples*, 296 N.C. at 146, 250 S.E. 2d at 911 (*quoting Silver Surprise, Inc. v. Sunshine Mining Co.*, 74 Wash. 2d 519, 523, 445 P. 2d 334, 336-37 (1968) ). Upon a showing by respondent that the requested information is relevant to this case, the district court is still empowered to order DSS to release the information to respondent.

Petitioner next contends that once the petition for adoption was filed, the guardian *ad litem's* responsibility ended and that any further intervention would be intrusive and burdensome. To support this contention, it relies on our recent holding in *In re James S.*, 86 N.C. App. 364, 357 S.E. 2d 430 (1987), that a guardian *ad litem* has no further responsibility once an adoption petition has been filed. This reliance is misplaced. That court stated that "*[a]bsent* any responsibilities or duties to perform the guardian *ad*

*litem* is superfluous to an adoption proceeding." *Id.* at 366, 357 S.E. 2d at 431. (Emphasis added.) Yet the court also held that one of the guardian *ad litem's* responsibilities was to "raise any issue of the agency's abuse of discretion within ten days after [he] receives written notice of the filing of the adoption petition." *Id.*, 357 S.E. 2d at 431. The facts in *James S.* reveal that the guardian *ad litem* requested the adoption information *four months after* the adoption petition had been filed. In the case at bar, the guardian *ad litem* first made a motion to the court for information *five days before* receiving written notice that an adoption petition had been filed. It is clear that the guardian in this case still had a responsibility and a duty, pursuant to G.S. 7A-659(f), at the time he received notice of the adoption petition to raise any issue of abuse of discretion. It was, however, a responsibility which could not be fulfilled without the information to which he was entitled.

It being our conclusion that the guardian *ad litem's* responsibility to the child is intact for that ten-day period for the purpose of raising any issue of abuse of discretion, the question then becomes where such issue should be raised. G.S. 7A-659(f) is silent on this point. However, G.S. 48-12 provides that adoption proceedings shall be before the clerk of superior court. Thus, it is our view that any motion alleging abuse of discretion in the adoption process should be filed with the clerk of superior court within the ten-day period provided for in G.S. 7A-659(f). We would note that under G.S. 48-12 it is virtually within the adoptive parents' discretion where to file the adoption petition. It could be in any one of the one hundred North Carolina counties or out of the state. Additionally, G.S. 48-14 provides that the adoptive child's original name need not be set forth in the petition. Without the requested information, the guardian *ad litem* would be totally unaware of the proper tribunal in which to assert any issues of abuse of discretion and would thus be denied the opportunity to fulfill his responsibility.

The lower court's order allowing petitioner's motion to dismiss respondent as guardian *ad litem* is reversed. Likewise, the order denying respondent's motion is reversed. On remand, the district court has jurisdiction only for the purposes set forth in G.S. 7A-586. The granting of respondent's motion may be necessary for the guardian *ad litem* to make determinations that the child's best interests and needs are being met and that DSS

has not abused its discretion in the adoption selection process. G.S. 7A-586 and 7A-659(f). This would enable the guardian *ad litem* to make an informed decision as to whether he might attempt further action in the adoption proceeding.

This court is aware that the ten-day period after the filing of the adoption petition in which respondent could have raised any issue of abuse of discretion has passed. However, this fact does not preclude the district court from entertaining respondent's motion, which was filed prior to the petition for adoption. It is a factor to be taken into account when the district court considers the merits of respondent's request. We therefore remand this case to the district court with instructions to enter such orders as are in accord with this opinion.

Reversed and remanded.

Chief Judge HEDRICK and Judge BECTON concur.