SARAH ISADORA McKOY, Plaintiff v. WILLIS EUGENE McKOY, Defendant

No. COA09-447

(Filed 16 February 2010)

**Guardian and Ward— jurisdiction—custody of incompetent adult**

The trial court erred by denying plaintiff's motion to dismiss the parties' custody action, which was part of their larger divorce and equitable distribution action, for lack of jurisdiction under Chapter 50. After the clerk of superior court adjudicated the parties' adult child an incompetent adult under Chapter 35A, the clerk retained exclusive jurisdiction to resolve all disputes regarding guardianship. The district court obtains jurisdiction under N.C.G.S. § 50-13.8 to determine custody only when the disabled adult child at issue has not been declared incompetent and had a guardian appointed. The parties should have filed a motion in the cause under N.C.G.S. § 35A-1207(a) with the clerk in order to resolve the dispute in accordance with N.C.G.S. § 35A-1203(c).

Appeal by plaintiff from orders entered 5 September 2006 and 19 March 2007 by Judge Chester C. Davis in Forsyth County District Court. Heard in the Court of Appeals 4 November 2009.

*Robinson & Lawing, LLP, by Michelle D. Reingold, for plaintiff-appellant.*

*No brief filed on behalf of defendant-appellee.*

HUNTER, Robert C., Judge.

This appeal arises out of a custody dispute in district court between plaintiff Sarah Isadora McKoy and defendant Willis Eugene McKoy regarding their daughter T.M., who was previously adjudicated an incompetent adult by the clerk of superior court under Chapter 35A of the General Statutes. Plaintiff appeals from the trial court's orders (1) denying plaintiff's motion to dismiss for lack of subject-matter jurisdiction and (2) granting joint custody of T.M. to plaintiff and defendant. Plaintiff's sole contention on appeal is that the trial court should have dismissed the parties' custody action, which was part of their larger divorce and equitable distribution action, for lack of jurisdiction under Chapter 50 because, after the clerk of superior court adjudicated T.M. incompetent under Chapter 35A, the clerk retained exclusive jurisdiction to resolve all disputes regarding cus-

tody of T.M. We agree with plaintiff's contention, and, accordingly, reverse the trial court's order denying plaintiff's motion to dismiss and vacate the court's custody order.

## Facts

Plaintiff and defendant were married on 29 March 1975. While married the McKoys had two children, M.M., born 1 July 1976, and T.M., born 4 March 1980. T.M. suffers from cerebral palsy, severe mental retardation, scoliosis, chronic kidney disease, high blood pressure, and vision problems. On 25 March 1998, after T.M.'s 18th birthday, the McKoys jointly petitioned the clerk of superior court to declare T.M. incompetent and to appoint both plaintiff and defendant as her guardians under Chapter 35A. On 9 April 1998, the clerk entered an order adjudicating T.M. as being an incompetent adult and finding that she should be appointed a guardian. In another order entered the same day, the clerk appointed both plaintiff and defendant as T.M.'s joint guardians.

Roughly six years later, on 20 February 2004, plaintiff and defendant separated. On 30 April 2004, plaintiff filed a complaint under Chapter 50 seeking equitable distribution, post-separation support and alimony, and joint legal custody and primary physical custody of T.M. (who was then 24). On 25 June 2004, defendant filed an answer and counterclaim, also seeking custody of T.M. Their divorce was finalized on 23 May 2005.

The trial court conducted a hearing on the issue of custody on 23-24 March 2006, which was continued until 20 April 2006. On 20 April 2006, prior to plaintiff finishing presenting her evidence in the custody hearing, plaintiff filed a motion to dismiss the Chapter 50 custody action, asserting that the clerk of superior court retained exclusive jurisdiction over T.M.'s guardianship under Chapter 35A and thus the trial court lacked jurisdiction to adjudicate the custody action. Plaintiff requested in the alternative that a guardian *ad litem* be appointed for T.M. pursuant to Rule 17(b) of the Rules of Civil Procedure.

In an order entered 5 September 2006, the trial court denied plaintiff's motion to dismiss but appointed T.M. a guardian *ad litem*. After concluding the custody hearing on 9 February 2007, the trial court entered an order on 19 March 2007, finding that it had subject-matter jurisdiction and awarding plaintiff and defendant joint legal custody of T.M., with plaintiff having custody 60% of the time and defendant

having custody 40% of the time. A final equitable distribution judgment was entered 2 September 2008. On 17 December 2008, plaintiff voluntarily dismissed her claim for post-separation support and alimony and appealed to this Court from the trial court's 5 September 2006 order denying her motion to dismiss and the court's 19 March 2007 custody order.

## Discussion

Plaintiff's sole argument on appeal is that the trial court lacked subject-matter jurisdiction to determine custody of T.M. Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal. *Harper v. City of Asheville*, 160 N.C. App. 209, 213, 585 S.E.2d 240, 243 (2003). Subject-matter jurisdiction "involves the authority of a court to adjudicate the type of controversy presented by the action before it." *Haker-Volkening v. Haker*, 143 N.C. App. 688, 693, 547 S.E.2d 127, 130, *disc. review denied*, 354 N.C. 217, 554 S.E.2d 338 (2001). Subject-matter jurisdiction derives from the law that organizes a court and cannot be conferred on a court by action of the parties or assumed by a court except as provided by that law. *In re Peoples*, 296 N.C. 109, 144, 250 S.E.2d 890, 910 (1978), *cert. denied sub nom. Peoples v. Judicial Standards Comm'n of N.C.*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). "When a court decides a matter without the court's having jurisdiction, then the whole proceeding is null and void, *i.e.*, as if it had never happened." *Hopkins v. Hopkins*, 8 N.C. App. 162, 169, 174 S.E.2d 103, 108 (1970). Thus the trial court's subject-matter jurisdiction may be challenged at any stage of the proceedings. *In re T.R.P.*, 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006).

Here, the trial court determined that it had subject-matter jurisdiction under Chapter 50 to enter its custody order. Plaintiff contends, however, that once the clerk of superior court obtained jurisdiction to adjudicate T.M. as an incompetent adult and appointed plaintiff and defendant as her guardians under Chapter 35A, any modification of T.M.'s custody required filing a motion in the cause with the clerk under Chapter 35A rather than filing an action for custody in district court under Chapter 50. Issues of statutory construction are questions of law, reviewed de novo on appeal. *Moody v. Sears Roebuck & Co.*, 191 N.C. App. 256, 264, 664 S.E.2d 569, 575 (2008).

Chapter 35A "establishes the exclusive procedure for adjudicating a person to be an incompetent adult or an incompetent child." N.C. Gen. Stat. § 35A-1102 (2009). Pursuant to N.C. Gen. Stat.

§ 35A-1103(a) (2009), the clerk of superior court "ha[s] original jurisdiction over proceedings" determining competency. Here, as a result of a hearing conducted pursuant to N.C. Gen. Stat. § 35A-1112 (2009), T.M. was declared an "incompetent adult."[1]

After an adjudication of incompetence, N.C. Gen. Stat. § 35A-1203 (2009) provides the clerk with "original jurisdiction for the appointment of guardians of the person, guardians of the estate, or general guardians for incompetent persons and of related proceedings . . . ." In appointing a guardian, the clerk may conduct a hearing and receive evidence regarding, among other things, "[t]he nature and extent of the needed guardianship," N.C. Gen. Stat. § 35A-1212(a) (2009), and issue letters of appointment specifying the "powers and duties of the guardian or guardians," N.C. Gen. Stat. § 35A-1215(b) (2009). N.C. Gen. Stat. § 35A-1241 (2009) specifies the "powers and duties" of guardians of the person, including:

> (1) *The guardian of the person is entitled to custody of the person of the guardian's ward* and shall make provision for the ward's care, comfort, and maintenance, and shall, as appropriate to the ward's needs, arrange for the ward's training, education, employment, rehabilitation or habilitation. . . .

> (2) The guardian of the person may establish the ward's place of abode within or without this State. . . .

N.C. Gen. Stat. § 35A-1241(1)-(2) (emphasis added). Here, the clerk issued letters of appointment naming both plaintiff and defendant as T.M.'s "guardian[s] of the person" and authorizing them "to have . . . custody, care and control of [T.M.]"

With respect to authority over guardians of incompetent persons, N.C. Gen. Stat. § 35A-1203 provides:

> (b) The clerk shall retain jurisdiction following appointment of a guardian in order to assure compliance with the clerk's orders and those of the superior court. The clerk shall have authority to remove a guardian for cause and shall appoint a successor guardian . . . . after removal, death, or resignation of a guardian.

---

1. Chapter 35A defines an "incompetent adult" as "an adult or emancipated minor who lacks sufficient capacity to manage the adult's own affairs or to make or communicate important decisions concerning the adult's person, family, or property whether the lack of capacity is due to mental illness, mental retardation, epilepsy, cerebral palsy, autism, inebriety, senility, disease, injury, or similar cause or condition." N.C. Gen. Stat. § 35A-1101(7) (2009).

(c) *The clerk shall have authority to determine disputes between guardians* and to adjust the amount of the guardian's bond.

N.C. Gen. Stat. § 35A-1203(b)-(c) (emphasis added). Chapter 35A also allows "[a]ny interested person [to] file a motion in the cause with the *clerk* . . . to request modification of the order appointing a guardian or guardians or *consideration of any matter pertaining to the guardianship.*" N.C. Gen. Stat. § 35A-1207(a) (2009) (emphasis added).

Reading Chapter 35A's provisions *in pari materia, see Redevelopment Commission v. Bank,* 252 N.C. 595, 610, 114 S.E.2d 688, 698 (1960) ("It is a fundamental rule of statutory construction that sections and acts *in pari materia,* and all parts thereof, should be construed together and compared with each other."), we conclude that the clerk of superior court is the proper forum for determining custody disputes regarding a person previously adjudicated an incompetent adult and who has been provided a guardian under Chapter 35A. The Chapter provides that the clerk has the authority to appoint guardians for incompetent persons, N.C. Gen. Stat. § 35A-1203, and to specify the guardians' powers and duties, including custody of the person declared incompetent, N.C. Gen. Stat. § 35A-1241. Chapter 35A further specifies that the clerk retains jurisdiction to ensure compliance with "the clerk's orders and those of the superior court" and to "determine disputes between guardians." N.C. Gen. Stat. § 35A-1203(b), (c). In addition, interested parties are directed to file a motion in the cause with the clerk for "consideration of any matter pertaining to the guardianship." N.C. Gen. Stat. § 35A-1207(a).

The custody dispute between plaintiff and defendant—T.M.'s guardians who have already been granted custody of T.M.—is a "matter pertaining to the guardianship." The parties, therefore, should have filed a motion in the cause under § 35A-1207(a) with the clerk in order to resolve the dispute in accordance with § 35A-1203(c).

Although the trial court acknowledged that the clerk had jurisdiction over "issues of guardianship" in this case and that the court did not "ha[ve] any jurisdictional authority to become mixed up in a guardianship quarrel," the court reasoned that Chapter 50 provided jurisdiction to enter a custody order in the parties' divorce proceedings:

In reading [N.C. Gen. Stat. § 50-13.5 (2009)] and [N.C. Gen. Stat. § 50-13.8 (2009),] it would appear that the legislature set into

motion[] procedures for the court to hear a case identical to this and that this court would have exclusive jurisdiction to do so.

Thus the court concluded that the parties were permitted to "proceed[] in a custody matter in District Court to determine who would get custody and visitation of the minor child." The flaw in the trial court's reasoning is that the custody of a "minor child" is not at issue in this case: at the time she was adjudicated incompetent as well as at the time the trial court entered its custody order, T.M. was an adult.

Chapter 50 is titled "Divorce and Alimony." Within Chapter 50 is Article 1: "Divorce, Alimony, and Child Support, Generally." Article 1 includes N.C. Gen. Stat. §§ 50-13.1 through 50-13.12 (2009), provisions relating to child support and custody. N.C. Gen. Stat. § 50-13.1(a), the provision establishing a cause of action for child custody, provides in pertinent part: "Any parent, relative, or other person, agency, organization or institution claiming the right to custody of a *minor child* may institute an action or proceeding for the custody of such child, as hereinafter provided. . . ." (Emphasis added.) This statute, by its plain terms, provides for an action for custody of a "minor child" only.

In its order denying plaintiff's motion to dismiss, the trial court relied on N.C. Gen. Stat. § 50-13.5, concluding that it provided the district court with jurisdiction over "*all* custody matters." (Emphasis added.) The plain language of the statute, however, does not support such an expansive interpretation. N.C. Gen. Stat. § 50-13.5 only provides for the "procedure in actions for custody and support of *minor children* . . . ." N.C. Gen. Stat. § 50-13.5(a). The statute also lists the "[t]ype[s]" of custody actions that may be maintained under N.C. Gen. Stat. § 50-13.5, none of which reference custody of an adult that has been adjudicated incompetent and provided a guardian under Chapter 35A. N.C. Gen. Stat. § 50-13.5(b).

The trial court also concluded that it had jurisdiction under N.C. Gen. Stat. § 50-13.8, which provides: "For the purposes of custody, the rights of a person who is mentally or physically incapable of self-support upon reaching his majority shall be the same as a minor child for so long as he remains mentally or physically incapable of self-support." The plain language of § 50-13.8 provides that the district court has jurisdiction to enter a custody order involving a disabled adult child. *See Speck v. Speck*, 5 N.C. App. 296, 303, 168 S.E.2d 672, 678 (1969) (holding under prior version of statute providing for support as well as custody that trial court had authority to enter custody and support order although disabled child had attained majority).

McKOY v. McKOY

[202 N.C. App. 509 (2010)]

Thus the district court has concurrent jurisdiction with the clerk of superior court with respect to custody of disabled adult children. Here, for instance, plaintiff and defendant could have decided not to have T.M. declared an incompetent adult and the district court, in resolving the parties' other claims under Chapter 50, would have had jurisdiction under § 50-13.8 to determine custody of T.M. Chapter 35A, however, unequivocally provides that the clerk of superior court has exclusive jurisdiction over guardianship matters. Once the clerk of superior court exercised its jurisdiction under Chapter 35A, adjudicating T.M. an incompetent adult and providing a guardian, the clerk retained jurisdiction to resolve all matters pertaining to the guardianship. *See In re Greer*, 26 N.C. App. 106, 112, 215 S.E.2d 404, 408 (1975) ("It is the general rule that where there are courts of concurrent jurisdiction, the court which first acquires jurisdiction retains it."), *superseded on other grounds by statute as recognized in Taylor v. Robinson*, 131 N.C. App. 337, 508 S.E.2d 289 (1989); *In re James S.*, 86 N.C. App. 364, 365-66, 357 S.E.2d 430, 431-32 (1987) (holding that district court's jurisdiction over abuse, dependency, and neglect proceedings is in "abeyance" once adoption petition was filed in superior court, which had exclusive jurisdiction over adoption proceedings).

We conclude that the district court obtains jurisdiction under § 50-13.8 to determine custody only when the disabled adult child at issue has not been declared incompetent and had a guardian appointed. While the superior court clerk retains jurisdiction over all guardianship matters under Chapter 35A, obviously not all disabled adult children are declared incompetent and provided guardians. In those instances, § 50-13.8 fills the gap, authorizing the district court to determine custody. As the clerk in this case had exercised its jurisdiction under Chapter 35A—to the exclusion of the district court under N.C. Gen. Stat. § 50-13.8—it retained jurisdiction to resolve the parties' dispute regarding custody of T.M. Thus, the parties were required to file a motion in the cause with the clerk to resolve the dispute. As the trial court in this case lacked jurisdiction to determine custody of T.M., we reverse the court's order denying plaintiff's motion to dismiss and vacate its custody order.

Reversed in part and vacated in part.

Judges CALABRIA and GEER concur.