An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-667

Filed 4 June 2025

Orange County, No. 21 CVD 000974-670

ANNA LEYF PEIRCE STARLING, Plaintiff,

v.

JAMES LINTON STARLING, Defendant.

Appeal by Defendant from order entered 19 March 2024 by Judge Samantha Cabe in Orange County District Court. Heard in the Court of Appeals 25 February 2025.

*Connell & Gelb, PLLC, by Attorney Michelle D. Connell, for Plaintiff–Appellee.*

*Patrick Law, PLLC, by Attorney Kirsten A. Grieser, for Defendant–Appellant.*

MURRY, Judge.

James L. Starling (Defendant) appeals from an order granting Anna L.P. Starling (Plaintiff) sole legal custody of their two minor children and authorizing her to move with the children to Charlottesville, Virginia. For the reasons below, this Court affirms the trial court's order.

## I. Background

Plaintiff and Defendant married on 21 July 2007, separated on 5 July 2018,

and divorced on 29 October 2019. The parties share two children, born in 2010 and 2013, respectively. At Plaintiff's request, on 18 September 2020, the trial court appointed Bonnie Ferrell as a parenting coordinator for the parties. John Bowman replaced her in that role on 19 January 2022. On 16 August 2021, Plaintiff filed for sole legal and primary physical custody of the children, citing Defendant's lack of cooperation with the parenting coordinator's guidelines as the basis for her request. On 15 March 2022, the trial court issued a temporary order awarding Plaintiff sole legal custody and joint physical custody of the children. Around that time, Plaintiff applied for a job in Virginia and began taking the children to interview at schools there.

On 23 March 2023, Defendant moved to modify the temporary custody order to require that the children remain at their current schools in North Carolina and to prevent Plaintiff from "taking actions that support her moving the children out of state." The trial court denied Defendant's motion at an 18 April 2023 hearing, ruling instead that Plaintiff would continue to have sole legal custody and providing Defendant with additional physical custody during the summertime. The trial court also requested the parties to provide it with suggested "long weekends" and times for custodial exchanges of the children. Defendant contemporaneously moved for the trial court to enter its ruling as a permanent order to allow him to appeal.

On 20 June 2023, parenting coordinator John Bowman filed a "Report to the Court" (Report) recounting Defendant's noncompliance with conduct guidelines for

communication between himself and the children, both generally and in messages regarding the children's upcoming move to Virginia. Bowman concluded that "Defendant's [non]compliance and efforts to change plans made for the children's benefit . . . escalat[ed] conflict and confusion." Bowman also sought the trial court's guidance in compelling Defendant to comply with instructions, noting Defendant's "escalating defiance and impulsivity" and "continued failure to follow directives, protocols, and boundaries." Defendant moved to dismiss the Report on 12 July 2023, claiming that Bowman had no authority to file it because no valid order appointed him as parenting coordinator. The trial court denied Defendant's motion on 13 July 2023 and clarified that "Bowman is appointed as Parenting Coordinator" in an order issued that same day, which consolidated previous separate case filings.

On 19 March 2024, the trial court entered a permanent custody order, awarding Plaintiff sole legal and primary physical custody of the minor children and Defendant secondary physical custody with visitation every other weekend during the school year and on weekdays during summer break. It also authorized Plaintiff to move with the minor children to Charlottesville, Virginia. Defendant timely appealed the trial court's order on 17 April 2024.

## II.  Jurisdiction

This Court has jurisdiction to hear Defendant's appeal because the trial court's permanent custody order is a "final judgment of a district court in a civil action" on the issue of child custody. N.C.G.S. § 7A-27(b)(2) (2023).

### III.    Analysis

On appeal, Defendant asks this Court to vacate and remand the trial court's permanent custody order for a new trial because it lacked (1) subject-matter jurisdiction to appoint a parenting coordinator and (2) sufficient evidence to support its findings of fact that, in turn, do not support its conclusions of law. A trial court's "subject-matter jurisdiction is a question of law[ ] reviewed *de novo* on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511 (2010). Review of a trial court's findings of fact is "strictly limited to determining whether . . . [they] are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Williams*, 362 N.C. 628, 632 (2008) (quotation omitted). If "supported by competent evidence," a trial court's findings of fact are "conclusive on appeal . . . even if . . . there is evidence to the contrary." *Sisk v. Transylvania Cmty. Hosp., Inc.*, 364 N.C. 172, 179 (2010). For the reasons below, this Court holds that the trial court (1) properly exercised its subject-matter jurisdiction in appointing a parenting coordinator and (2) supported its findings of fact in the permanent custody order with competent evidence.

### A.  Appointment of Parenting Coordinator

First, Defendant argues the trial court lacked the subject-matter jurisdiction necessary to appoint the parenting coordinator because no custody issue was pending and no custody order had been entered at the time of the appointment. Under

N.C.G.S. § 50-91, a trial court may appoint a parenting coordinator "at any time in a child custody action involving minor children . . . on or after the entry of a custody order . . . or upon entry of a contempt order involving a custody issue" in three circumstances: (1) if all parties "consent to the appointment and the scope of the parenting coordinator's authority," (2) upon one party's "motion . . . requesting the appointment of a parenting coordinator," or (3) "[u]pon the court's own motion." N.C.G.S. § 50-91(a) (2023). If the trial court appoints a parenting coordinator without the parties' consent, it must "specific[ally] find[ ] that the action is a high-conflict case, that the appointment of the parenting coordinator is in the best interests of any minor child in the case, and that the parties are able to pay for the cost of the parenting coordinator." *Id.* § 50-91(b).

Here, Plaintiff moved on 10 August 2021 to appoint a parenting coordinator. She also filed a complaint seeking custody of the minor children on 16 August 2021, which the trial court granted on 15 March 2022. The trial court appointed a parenting coordinator on 30 August 2022, after finding that doing so "is in the best interest of the children, [that] the parties agree to the appointment of the Parenting Coordinator, and [that] the parties are able to pay for the cost of the Parenting Coordinator." Defendant claims the appointment was "void when it was entered" because it was entered "by consent and without a hearing, not by a motion of the trial court." But the statute provides that the trial court is not required to raise such a motion if all parties consent to the appointment, which they did here. *See id.*

§ 50-91(a)(1). Thus, this Court holds that the trial court properly exercised its subject-matter jurisdiction by meeting the statutory requirements for parenting coordinator appointments. N.C.G.S. § 50-91(a) (2023).

## B. Validity of Permanent Custody Order

We first address Plaintiff's argument that Defendant did not preserve the right to challenge any findings of fact because Defendant's proposed issues on appeal do not identify any specific findings of fact not supported by the evidence. Defendant's proposed issue challenges whether "the evidence presented at trial support[s] the facts and conclusions of law rendered by the trial court in the 19 March 2024 Custody Order" without mentioning specific challenged findings. However, a party's proposed issues on appeal are not binding. A party's "list of proposed issues on appeal shall not preclude . . . [the party] from presenting arguments on other issues in its brief." N.C. R. App. 10(c). Thus, a party can argue an issue for the first time in its pleadings without including it in the proposed issues on appeal. Accordingly, we next consider the specific findings of fact Defendant challenged in his brief.

Defendant argues that all or portions of the trial court's Findings of Fact 23, 25–27, 32–34, 41, and 53 are not supported by competent evidence. To support his claims, Defendant introduces additional facts, which purportedly contradict the trial court's conclusions. For example, he attempts to refute Finding of Fact 23(a), which states, "Defendant acted contrary to the court's order and signed [one of] the minor child[ren] up for a basketball league without Plaintiff's collaboration or consent," by

stating that he did so "to preserve a potential spot" in the league. Similarly, he asserts that in making Finding of Fact 53, which concerns Plaintiff's relocation with the children to Virginia, the trial court failed to consider evidence that the children's current "educational opportunities" are "nearly or equivalent to those in Virginia" and that the children have "equal family connections" in North Carolina as they do in Virginia.

But a trial court need not consider every possible piece of evidence in making its findings of fact, so long as the trial court's findings of fact are "supported by competent evidence" from the record. *Sisk*, 364 N.C. at 179. If so, they are "conclusive on appeal . . . even [with] . . . evidence to the contrary." *Id.* Here, the trial court supported each contested finding with evidence from the record, incorporating testimony from the parenting coordinator and the parties and analyzing relevant caselaw regarding interstate relocation. Thus, this Court holds that competent evidence supports the contested findings of fact and affirms the trial court's permanent custody order.

Assuming *arguendo* that Defendant's contested findings of fact were not supported by competent evidence, this Court would "simply disregard[ ] information contained in findings of fact that lack sufficient evidentiary support and examine[ ] whether the remaining findings support the trial court's determination." *In re A.J.L.H.*, 384 N.C. 45, 48 (2023). Here, the remaining unchallenged findings of fact would still support the trial court's conclusion that there has been a "substantial

change of circumstances that affects the welfare of the children" and that it would be in their best interest to modify the custody arrangement.

## IV.    Conclusion

For the reasons discussed above, this Court affirms the trial court's permanent custody order awarding sole legal custody of the minor children to Plaintiff and authorizing her to move with them to Charlottesville, Virginia.

AFFIRMED.

Judges TYSON and WOOD concur.

Report per Rule 30(e).