An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-698

Filed 6 May 2026

Swain County, No. 23CVS000176-860

ROBINSON JOSEPH MYERS and ELIZABETH OWL-MYERS, Plaintiffs,

v.

SMOKY MOUNTAIN COUNTRY CLUB PROPERTY OWNERS' ASSOCIATION, INC., Defendant.

Appeal by defendant from order entered 17 January 2025 by Judge Gary M. Gavenus in Swain County Superior Court. Heard in the Court of Appeals 24 March 2026.

*Hedgepeth Law Group, PLLC, by Shira L. Hedgepeth, for the plaintiffs-appellees.*

*Rayburn Cooper & Durham, PA, by Ashley B. Oldfield and Ross R. Fulton, and David Sawyer for the defendant-appellant.*

TYSON, Judge.

Smoky Mountain Country Club Property Owners' Association, Inc. ("the Association") appeals from the trial court's stay orders entered 19 March 2024 ("First Stay Order") and 17 January 2025 ("Second Stay Order"). The stay orders have been

rendered moot by subsequent proceedings. The Association's arguments pertaining to them are dismissed.

## I. Background

The factual and procedural background of this case is more fully set forth in the companion appeal, *Myers v. Smoky Mountain Prop. Owners' Ass'n* (COA25-701), which was heard and decided contemporaneously with this appeal. A brief factual background pertinent to the specific issues of this appeal follows.

The Association instituted a proceeding against Plaintiffs ("the Myers") to foreclose on a claim of lien assessed on a lot owned by them in Smoky Mountain Country Club, a Planned Community governed by the North Carolina Planned Community Act. On 21 July 2023, the Swain County Clerk of Superior Court entered an Order Allowing Foreclosure Sale. The Myers appealed to the Swain County Superior Court.

Following entry of the Clerk's Order, the Myers filed a complaint seeking a declaratory judgment holding the assessment and lien in the foreclosure proceeding is not a valid debt, and for preliminary and permanent injunctions of any foreclosure sale of their property.

On 11 March 2024, the trial court conducted a hearing and heard several motions and matters pertaining to the foreclosure. No motions to stay were pending before the court. The court orally rendered a stay of the foreclosure proceeding and

entered The First Stay Order on 19 March 2024.

On 3 January 2025, the Myers filed a Motion to Stay, which sought to stay all further proceedings in the foreclosure action, the declaratory judgment action, and another related action until the trial court had ruled upon the matters brought before it at the 11 March 2024 hearing. The trial court did not conduct a hearing on the Motion to Stay.

On 17 January 2025, the trial court entered an order which dismissed the foreclosure proceeding. Two minutes later, the court entered the Second Stay Order, which purported to stay the just-dismissed foreclosure proceeding. This appeal seeks review of the trial court's entry of the stay orders.

## II. Issues

The Association argues the trial court did not possess subject matter jurisdiction to enter both stay orders where: (1) a stay is not statutorily authorized in a nonjudicial foreclosure proceeding; (2) the trial court entered the stay orders without any request or motion for a stay pending before it; (3) the Second Stay Order was entered while the trial judge was assigned to a different Judicial District; and, (4) the trial court cannot stay the right of a party to file a notice of appeal.

## III. Standard of Review

"Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010) (citation omitted).

**IV. The First Stay Order**

The trial court entered the First Stay Order, which stayed the foreclosure sale proceeding, on 19 March 2024. The court later dismissed the foreclosure proceeding. The First Stay Order was no longer in effect following the court's purported ruling on, and dismissal of, the foreclosure proceeding. Because the First Stay Order terminated upon the Court's ruling on the foreclosure proceeding, any argument pertaining to the First Stay Order is moot. *See 130 of Chatham, LLC v. Rutherford Elec. Membership Corp.*, 241 N.C. App. 1, 7, 771 S.E.2d 920, 925 (2015) ("As a general matter, a case is moot when 'a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.'" (quoting *Roberts v. Madison Cnty. Realtors Ass'n, Inc.*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996)).

**V. The Second Stay Order**

The trial court entered the Second Stay Order of the foreclosure proceeding after it entered the dismissal of the foreclosure proceeding. The only aspect of the case remaining in the trial court was the potential appeal from the purported dismissal of the foreclosure proceeding.

The Association timely filed Notice of Appeal to this Court despite the purported Second Stay Order. The appeal proceeded as normal. The parties briefed and argued their issues, and this Court issued its opinion in this appeal and the two other companion appeals. *See Myers v. Smoky Mountain Prop. Owners' Ass'n*

(COA25-701); *In re Myers* (COA25-550). The Second Stay Order had no "practical effect" on any of the three appeals in this matter and is also moot. *Id.*

Entry of the Second Stay Order was also improper because the trial court cannot purport to limit or stay a party's right to appeal from a final order. The Association is entitled by law to appeal from the dismissal of the foreclosure proceeding. *See* N.C. Gen. Stat. § 1-277(a) (2025); N.C. Gen. Stat. § 7A-27(b)(3)(a) (2025).

## VI. Conclusion

The First Stay Order and Second Stay Order do not have any practical effect upon any issue pertaining to this case or the two related appeals before us, nor will either stay order have any bearing on any future issue in this ongoing and exhausting saga. The arguments pertaining to the stay orders are dismissed. Additionally, the Second Stay Order would be void because the trial court cannot stay a party's right to appeal from a final order. *See* N.C. Gen. Stat. §§ 1-277(a), 7A-27(b)(3)(a) (2025). *It is so ordered.*

DISMISSED.

Judges COLLINS and GORE concur.

Report per Rule (e).